Judge Underwood
delivered the Opinion of the Court.
RAy warranted Long and two others upon a note which -on its face purported to be executed by the three. Upon a return of “ not found,” by the officer, as to the others, t!ie justice rendered judgment against Long, who appealed to the circuit court. He there filed the plea of non est factum, and offered to sustain it by the testimony of those apparently bound with him. The court rejected their evidence, and the question is, whether they were competent witnesses.
The witnesses offered were no parties to the record in ^ circuit court. The return of “ not found,” and the judgment of the justice against Long alone, with a state-men* upon the record of the justice, that the others were exonerated, because they had not been found, must be regarded as an abatement in respect to them. Great lib-eralitv must be extended in construing the informal orders of justices of the peace. If their orders are sufficiently intelligible to manifest their meaning, no matter how inaccurate the language, we shall give effect to their intentions so far as they conform to law.
The rule laid down by Starkie, Part iv, page 781, is, t¡} lt et a party to the transaction out of which the action l J arises, and possessing a community of interest in the subjeci inatter; *s nevertheless competent, unless he be either a partner, orbe immediately responsible over for the whole or part of the damages, in case the plaintiff recover, or unless he be interests} in the record.” It was not shewn, that the witnesses offered and rejected, were concerned, as partners, with Long in any manner, so as to render them incompetent. It was not shewn, thev were responsible over to Long, in case Ray 1 . . , recovered. Long may be the principal, and the wit *431 nesses sureties only. If so, they wopld not be responsible for any part of the judgment rendered against Long. If the witnesses and Long were bound as principals, the exoneration of Long would throw the burden altogether on them. In that event, their evidence would operate against their interest. If Long was the surety for the witnesses, then, as they would be responsible to him for the costs as well as principal debt recovered, the witnesses would be incompetent, unless their liability was released by Long. Hunter vs. Gatewood, 5 Mon. 268. Bank of Limestone vs. Penick, 5 Mon. 27. The case of Pendleton vs. Speed, 2 J. J. Marsh. 508, is not opposed in principle to the other cases, but entirely reconcileable with them. A co-obligor cannot be a witness in any case where he is u interested in the record.” When a plea of payment, or accord and satisfaction, is pleaded, if the defence is sustained the entire obligation is discharged, and the obligee cannot succeed in any future action founded thereon, because the record would be conclusive evidence of the satisfaction of his demand. Because of this interest in the record, a co-obligor cannot be a witness when the attempt is made to render him competent by a release from the party defendant. It is an interest which does not grow out of a liability to the defendant, but is founded on a liability to the plaintiff, and therefore the defendant has no power to release it. This distinction has not been attended to by those who have attempted to extract the principle of the case of Pendleton vs. Speed.
responsible over for the whole or any part of the judgment, he is not competent —without a release from the party to v. hom he is, or-will be, liable.
It does not appear that the witnesses offered, have any interest in the record; and where the defence is founded exclusively on the plea of non est factum, it is difficult to perceive how they could have such an interest. If the issue is found for Long, the record will not, as it would upon a plea of payment or accord and satisfaction, exonerate those apparently bound with him.
From all that now appears, the court erred in rejecting the testimony, and in refusing to suffer an examination of the offered witnesses.
Wherefore, the judgment is reversed, with costs, and the cause remanded for a new trial.