COOK (UNION BANK v.). See Case No. 14,-349.

COOK (UNITED STATES v.). See Cases Nos. 14,851 and 14.852.

COOK (VAN BOKKELEN v.). See Case No. 16,831.

---

## Case No. 3,166.

### COOK v. WHITNEY.

[3 Woods, 715.] [1]

Circuit Court, S. D. Mississippi. Nov. Term, 1877.

REMOVAL—DIVERSE CITIZENSHIP—PRACTICE—REMAND OF CAUSE—PARTIES.

1. To warrant the removal of a cause from a state to a federal court, under the act of March

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

2, 1867 [14 Stat. 558], it is not necessary that the parties should have been citizens of different states at the time the suit was brought, provided they are citizens of different states when the petition for removal is filed.

[Cited in Hone v. Dillon, 29 Fed. 467.]

2. Under said act, the filing in the federal court of an imperfect transcript of the record in the state court, is no ground for remanding the cause.

3. Garnishees are not parties to the suit. The fact that the plaintiff and the garnishees are citizens of the same state, is no obstacle to the removal of a case from the state to the federal court.

[Cited in Deford v. Mehaffy, 13 Fed. 483; Ahlhauser v. Butler, 50 Fed. 709.]

[See note at end of case.]

[At law. Action by J. Reese Cook against Benjamin D. Whitney (Klein, garnishee) to recover on promissory notes.]

Heard upon motion to remand the cause to the state court from which it had been removed.

G. N. Simrall and L. W. McGruder, for the motion.

G. Gordon Adam and Frederick Speed, contra.

HILL, District Judge. This is an action at law, commenced by attachment, in the circuit court of Warren county, and removed to this court on application of the defendant, under the act of congress of 1867 (14 Stat. 558), providing for the removal of causes, in certain cases, from the state into the circuit courts of the United States. The questions for decision arise upon plaintiff's motion to remand the cause to the circuit court of Warren county, from which it was removed, into this court. The motion assigns the following grounds: First. Because it does not appear that the defendant was, at the time of the commencement of this suit, a citizen of a different state from that whereof the plaintiff was a citizen at said date. Second. Because the defendant did not, on the first day of the present term of this court, or at any other time, enter in this court copies of the process against him, and of all pleadings, depositions, testimonies and other proceedings in this cause. Third. Because this cause is not a suit in which there can be a final termination of the controversy, so far as it concerns the defendant Whitney, without the presence of other defendants to the cause.

These grounds will be considered in the order stated.

Under the judiciary act of 1789 (1 Stat. 73), it was necessary, in order to remove a cause from a state into a federal court, that the non-resident defendant, when sued in a state court of which the plaintiff was a citizen, should have been a citizen of another state at the time the suit was brought. Under this act, it was only a non-resident defendant who could have the cause removed; the plaintiff had no such right. The act of 1866 (14 Stat. 306) amended the judiciary

act of 1789, so far as to allow a non-resident defendant who was sued jointly with a resident defendant in a state court, in certain cases, to remove the cause, as to himself, into the circuit court of the United States, provided a final determination of the cause, so far as it concerned himself, could be had without the presence of his co-defendant, a resident of the state in which the suit was brought. This act gives no right to the plaintiff to have the cause removed. The act of 1867, known as the "Prejudice," or "Local Influence" act, is the first act which gave the plaintiff the right of removal, but confines it to non-resident plaintiffs, as well as defendants. The act of 1867 (14 Stat. 558), under which the removal of this cause was made, provides, "That where a suit is now pending, or may hereafter be brought in any state court, in which there is a controversy between a citizen of the state in which the suit is brought, and a citizen of another state, such citizen of another state, whether he be plaintiff or defendant, if he shall make and file an affidavit in such state court, that he has reason to believe, and does believe, that from prejudice or local influence, he will not be able to obtain justice in such state court, may have the cause removed to the circuit court of the United States." This act was passed to prevent injustice to non-resident parties, who might either sue or be sued in state courts, where, from any cause, there might exist prejudice against such non-resident party, in the community where such cause would have to be tried in the state court, and which, as part of the history of that time, was known to exist both north and south, resulting mainly from the war, then just closed. This prejudice might not arise, or be discovered until after the suit was brought, and hence the necessity of allowing the removal as soon as the reason for it should be ascertained after the suit was brought. There is nothing in the language of the act requiring a different construction, and no contrary ruling has been made by the supreme court. Mr. Justice Miller, in the case of Johnson v. Monell [Case No. 7,399], holds that, under the act of 1867, the non-residence of the party applying for the removal at the time of the application, is all that is required. This case is referred to, and the same rule recognized by Judge Dillon in his work on the Removal of Causes to the Federal Courts. I concur in these views, and must hold that the non-resident citizenship of the defendant, at the time of making his application for the removal of the cause, is all that was required, and that the first ground stated in the motion for remanding the cause, must be overruled.

The second ground stated in the motion is, that no such record as the law requires was filed in this court within the time prescribed by law, or at any other time. The application for removal was made in the circuit court of Warren county, at last December term. This is a continuation of the November term, 1877, consequently the defendant has until the first Monday in May next, the commencement of the next regular term, in which to file the proper record; but, if this were not so, what purports to be a certified transcript of the record was filed in this court on January 29, 1877. If it is not complete, a diminution of the record should be suggested, when proper steps can be had to bring up a complete record. Therefore, this ground stated in the motion for remanding the cause must fail.

The third ground stated in the motion is one of first impression in the courts over which I preside, and, so far as I am informed, in any court.

Two questions are raised: First, are the garnishees parties to the suit; and, secondly, if parties, can the controversy between plaintiff and defendant be determined by this court, so far as it concerns the defendant, without their presence? After a careful consideration of the question first stated, I am satisfied that the garnishees are not parties defendant to the suit, as between plaintiff and defendant, and have no interest whatever in the controversy between them. The sole issue between the plaintiff and defendant is the question of indebtedness from the defendant to the plaintiff, stated in the pleadings. It is a matter of no concern to the garnishees which party shall succeed, or to whom they shall pay the money due by them to the defendant. No judgment can be rendered against them until one is rendered against the defendant. If this is never done, the suit is at an end as to them. If, however, a judgment is rendered against the defendant, then their relationship to the defendant is only incidental, as a means of obtaining satisfaction of the judgment. This is done not only without costs as to them, but they are entitled to their costs. The fact that the plaintiff is a citizen of the same state with them interposes no obstacle to the jurisdiction of the court in enforcing satisfaction of its judgment, out of the amount in their hands belonging to the defendant. If this obstacle existed, judgment creditors would often be deprived of the fruits of their judgment. This objection applies with no more force than would be found upon a trial of the right of property, where a judgment was rendered in favor of a resident plaintiff, and levied upon property of the defendant found in the state, and claimed by a citizen of the state. In such case no one, I presume, would question the jurisdiction of the court to try the question as to the rights of the parties. As already indicated, the process of garnishment is but an incident to the suit; the removal of the cause into this court brought with it all its incidents, including the funds belonging to the defendant, or vested in the hands of the garnishees by the process of garnish-

ment, as a means of satisfying plaintiff's judgment, should he obtain one in this court. It is like property which incidentally follows a suit into this court, upon removal from a state court. In such case no question is raised as to the jurisdiction of this court over the property for the purposes of the suit.

I am satisfied that none of the grounds stated for the remanding of the cause are well taken. The result is that the motion must be denied.

[NOTE. The cause proceeded to trial in the circuit court, and there was a judgment for plaintiff. Defendant sued out a writ of error, and plaintiff thereafter moved for an affirmance, which was denied because of the failure to unite with the motion a motion to dismiss, as required by Sup. Ct. Rule 6, as amended. Whitney v. Cook, 99 U. S. 607.

[Subsequently, the court affirmed the judgment, and awarded $250 damages against Klein on account of delay in bringing on the appeal. Whitney v. Cook, 26 U. S. (Lawy. Ed.) 560.]