Puff, &c., v. Huchter.

CASE 31—NOVEMBER 4.

# Puff, &c., v. Huchter.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. The court did not err in permitting appellee to file an amendment to his demand, after an appeal from the justice's court.
2. The payment by Avery & Sons as garnishees to Puff, after the justice discharged the attachment obtained by appellee, was void, because the appellee appealed from the judgment, and perfected the appeal by a bond as required to suspend the judgment, in a few hours after the appeal was taken.

A. H. & WM. L. JACKSON FOR PUFF.

1. The amount in controversy being over fifty dollars, a petition should have been filed by appellee in the justice's court. (Civil Code, secs. 39, 705, 90, 663; Peabody v. Spalding, MS. Opinion).
2. The amendment should not have been permitted.

W. O. & J. L. DODD FOR AVERY & SONS.

1. A. & Sons had the right to pay the money to Puff as soon as the order of attachment was discharged.
2. They were ignorant of the appeal, and paid the money without notice of it. (Civil Code, secs. 223, 225; sec. 4, art. 1, chap. 38, Gen. Stat.; Atchison v. Smith, 3 B. Mon., 502; Drake on Attachments, 411, 451, 453, 691; Sherrod v. Davis, 17 Ala., 312; Danforth v. Rupert, 11 Iowa, 551; Brown v. Harris, 2 G. Greene, 159; Harrow v. Lyon, 3 Ibid, 159; Clapp v. Bell, 4 Mass., 99; Suydam v. Huggeford, 23 Pick., 465).

KOHN & BARKER FOR APPELLEE.

1. The court did not err in refusing to dismiss the case, because of appellee's failure to file a petition before the justice. (Civil Code, sec. 134.)
2. Neither did it err in holding that the garnishee was not released by paying to Puff the money attached after the attachment was discharged, inasmuch as an appeal was taken from the judgment and perfected by an appeal bond on the same day. (Subsec. 4, art. 1, chap. 38, Gen. Stat; Civil Code, secs. 714, 729, 269, 70.)

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

The appellee filed with a justice of the peace his affidavit, showing an indebtedness to him by the appellant, Birch

Puff, of $59.75, for groceries and house rent, and stating sufficient grounds for an attachment, and caused a warrant and attachment to issue therefor. The warrant was served on Puff, and a corporation, styled B. F. Avery & Sons, was summoned as garnishee. The corporation, by an indorsement on the attachment, admitted an indebtedness of $59.75 to Puff.

The warrant and attachment were returned, and, on hearing, the justice dismissed the action, and discharged the attachment. From that judgment the plaintiff (now appellee) prayed an appeal to the Jefferson court of common pleas, which prayer was noted in the order of dismissal, and on the same day an appeal bond was executed before the clerk of the court of common pleas, and a summons to answer the appeal was issued and served on that day on the defendant, Puff, and on the garnishee.

Puff appeared in the common pleas court, and moved to dismiss the action on the ground that no petition had been filed in the justice's court; but the motion was overruled, and the plaintiff was allowed, over the objections of the defendant, to file what is styled an amended petition, to which the defendant excepted.

The matter set up in this pleading was evidently the same that had been attempted to be sued on in the justice's court, and the allegations of the pleading, and the grounds for the attachment not being denied, the court rendered judgment for the debt, and sustained the attachment, and from that judgment Puff appeals.

A rule was awarded against the garnishee to pay into court the amount admitted by its indorsement to be due from it to Puff at the date of the service of the attachment.

The garnishee responded that, after the making of the order dismissing the action and discharging the attachment, and before notice of the appeal, Puff presented to it a writing signed by the justice directing it to release and pay over to him the amount garnisheed, and giving notice that the attachment had been discharged, and that it had thereupon paid the same as directed. The court held the response insufficient, and made the rule absolute, and from that order B. F. Avery & Sons have appealed.

First, as to the appeal of Puff:

The common pleas judge seems to have regarded the affidavit as intended for a petition, and on that idea to have allowed an amendment to be filed. The affidavit did not contain all that was necessary to be alleged in a petition, and was insufficient to authorize a judgment. But its defects were in matter of form rather than of substance, and in view of the rule that proceedings in justices' courts are to be construed with great liberality (Long v. Ray, 1 Dana, 430), and that appeals from their judgments are to be tried *de novo* (section 726, Code), we think there was no error in overruling the motion to dismiss or in allowing the plaintiff to set forth his demand in a formal pleading.

The appeal of the garnishee presents a question of more difficulty.

Numerous highly respectable authorities are cited to show that, as soon as the order of dismission was made and the attachment was discharged, the lien created by the attachment was gone, and the garnishee had no right longer to retain the money due to Puff, and consequently it had a right, and it was its duty, to pay it over to him. (Sections 411, 451, 453, and 691, Drake on Attachments; Sherrod v. Davis, 17 Ala., 312; Danforth v. Rupert, 11 Iowa, 551; Harrow v. Lyon, 3 G. Greene, 159; Brown v. Harris, 2 G.

Greene, 506; Clapp v. Bell, 4 Mass., 99; Suydam v. Huggeford, 23 Pick., 465.)

But this rule seems to have this reasonable and important qualification, viz : that the right of the defendant to the release of the attached property, and consequently the right of the garnishee or officer having it in custody, may be suspended by writ of error or appeal, and a payment or release after notice of an appeal will not protect the garnishee or officer. (Drake on Attachments, 411 ; Sherwood v. Davis, 17 Ala., 312; Danforth v. Rupert, 11 Iowa, 551.)

In this case, the plaintiff prayed an appeal at the time the order discharging the attachment was made, and perfected his appeal in a few hours, and caused official notice of the fact to be given to the garnishee, who, in the meantime, had paid the money to the defendant, without actual notice of the intention to prosecute an appeal. But for all the purposes of the garnishment, the garnishee was a party to the action, and was bound to take notice of all that was done in court in relation to the attached fund, or in any way affecting it as a garnishee, and must therefore be taken to have had constructive notice that an appeal had been prayed and granted.

Whether, if the appeal had not been perfected at once, the garnishee would have been at liberty to pay the money to Puff, or whether it was bound to hold it until the time for an appeal had expired, the case does not require us to decide. All we decide is, that the garnishee was bound to take notice of the fact shown by the justice's record that an appeal was prayed and granted, and the appeal having been perfected in a few hours afterward, the payment was unauthorized, and is no answer to the rule. A different rule would enable the debtor and garnishee to defeat the plaintiff in every case

in which an attachment is discharged, no matter how erroneously.

The writing given by the justice to Puff, and on which he was enabled to induce the garnishee to pay the money to him, was not entered on the record, and did not authorize the payment.   It was unauthorized and void.

Wherefore, the judgment and order appealed from are affirmed.