EDWARD ERICKSON v. THE DULUTH, SOUTH SHORE & ATLANTIC RAILWAY COMPANY, GARNISHEE.

*Garnishment—Release of garnishee—Judgment—Procedure.*

1. Under How. Stat. § 8041, which provides that the recovery of judgment by the principal defendant in a suit in justice's court shall be deemed a discontinuance of all proceedings against the garnishee defendant, the garnishee defendant is not released from liability, where the plaintiff appeals from said judgment, until the final determination of said appeal in favor of the appellee.

2. Nor will the garnishee defendant be entitled, under section 28 of Act No. 178, Laws of 1891, which provides that, in all cases where the defendant prevails or takes an appeal in the principal suit, the court shall make an order releasing the moneys garnished, to said order on the recovery of judgment by the principal defendant, when the plaintiff appeals from said judgment, until the final determination of said appeal against the appellant.

3. An appeal by the plaintiff from a judgment in justice's court in favor of the principal defendant will not bring up with it garnishment proceedings pending before the justice, in which the garnishee has disclosed a money liability to the principal defendant, so as to enable the circuit court, on rendering judgment in favor of the plaintiff, to also render judgment against the garnishee defendant.

4. The statute contemplates in such a case that the action in justice's court against the garnishee shall remain in abeyance pending said appeal; and the proper practice is for the justice, after the rendition of final judgment against the

principal defendant, to issue a summons to show cause against the garnishee defendant, whereupon issue can be joined, and proof of the circuit court judgment furnishes the foundation for a judgment against the garnishee.

Error to Baraga. (Haire, J., presiding.) Argued May 3, 1895. Decided May 21, 1895.

Garnishment proceedings. Defendant brings error. Reversed, and no new trial ordered. The facts are stated in the opinion.

*A. E. Miller*, for appellant.

*John R. Rood*, for plaintiff.

HOOKER, J. The plaintiff brought an action in justice's court against the principal defendant, and by garnishee summons against the railway company. Disclosure was made, but subsequently the defendant in the original action obtained a judgment against the plaintiff, and the justice issued a release, discharging the garnishee from liability. Plaintiff seasonably appealed from the judgment against him in the principal action, giving the garnishee notice thereof, and subsequently recovered a judgment against the principal defendant of $41.89 and costs. Immediately thereafter the circuit court, upon motion of the plaintiff's attorney, rendered judgment against the garnishee for $39.65.[1] There was no appearance in the circuit court by the garnishee, and it has brought the case to this Court, claiming that the circuit court never acquired jurisdiction of the garnishee. This is placed on two grounds:

1. That by the terms of the statute the judgment for the defendant in justice's court terminated the liability of the garnishee.

2. That, if it did not, the plaintiff should have pro-

[1] The answer of the garnishee disclosed a liability to the amount of $39.65.

ceeded against the garnishee in the justice's court after obtaining a judgment in the circuit.

These propositions depend upon a construction of the statute. Previous to 1891 the statute providing for proceedings against garnishees in justices' courts (chapter 276, How. Stat.) allowed the garnishee to be brought in by summons, and examined; and if, at the close of such examination, an action was pending and undetermined between the plaintiff and the principal defendant, the garnishee proceedings might be adjourned. Section 8037. Section 8041 provided that, in case the plaintiff failed to recover a judgment against the defendant, it should be deemed a discontinuance of all proceedings against the garnishee. These statutes are still in force, and it is contended that the meaning of the latter is that, if the plaintiff should fail to obtain a judgment before the justice, the garnishee would be discharged.

This statute must be construed in connection with the rest of the chapter and other laws applicable to proceedings in justices' courts. The general provision relating to appeals from justices' courts applies to the principal action, and under it the plaintiff might still recover a judgment. Again, under How. Stat. §§ 6850, 6855, proceedings by garnishee attachment may be instituted, and, when personal service cannot be obtained, and no property is found subject to attachment, the jurisdiction may rest upon the garnishment. These statutes, in connection with the chapter under discussion, regulate the procedure. If the position taken in behalf of the defendant in this case is correct, the plaintiff might be said to lose the right to appeal from the adverse decision, because there would be nothing left to support the jurisdiction. This may not be conclusive of the question, but it indicates an incongruity in the law. The disclosure showing property in the hands of the garnishee settled the jurisdiction of the court, the same as in case property had been attached. In the latter case the right and benefit of an

105 Mich.—27.

appeal by the plaintiff would exist; in the former, the benefit, to say the least, if not the right, would be lost by the adverse judgment.

But to return to chapter 276.    While section 8041 treats plaintiff's failure to recover "judgment against the defendant" as a discontinuance, section 8038 provides that, after the *"final* determination of the suit against the defendant," proceedings may be taken before the justice to obtain a judgment against the garnishee.   This is consistent with the claim of plaintiff that the garnishee is not released by a judgment in favor of defendant unless it is final.    Section 8040 also contains the expression "final determination," and prescribes the pleading and procedure against the garnishee "after a final determination of the suit pending against the defendant."   It would require an unusually strict construction of section 8041, and the exclusion of the other sections, to hold that the garnishee would be released by a judgment in justice's court in the defendant's favor, when the plaintiff had appealed.   Such construction would be at variance with the rule in attachment cases, it having been held that a judgment against a plaintiff, appealed from, does not dissolve the attachment, but the lien of the writ continues until the final disposition of the case against him.    *Treat v. Dunham,* 74 Mich. 114; *Vanderhoof v. Prendergast,* 94 Id. 19.   By analogy the same would be true in garnishment cases, unless the statute upon which the right depends indicates the contrary.   The garnishee, under this chapter, would be discharged when the action was finally determined against the plaintiff, but he is chargeable with knowledge of the law which gives the right of appeal, and that, if the appeal is taken, he is not released until final judgment.   The supreme court of Iowa has held that a judgment of nonsuit dissolves an attachment, and that it will not be revived by the vacating of the judgment.   *Brown v. Harris,* 2 G. Greene, 505; *Harrow v. Lyon,* 3 Id. 159.   See, also, *Clap v. Bell,* 4 Mass. 99; *Suydam v. Huggeford,* 23 Pick. 465.   But the latter case recog-

nizes the rule that the attachment is not dissolved where the plaintiff appeals. See, also, *Sherrod v. Davis,* 17 Ala. 312; *Danforth v. Rupert,* 11 Iowa, 551. Such has already been shown to be the rule here. In *Dolby v. Tingley,* 9 Neb. 416, the court said:

"Where no steps are taken to dissolve the attachment, the garnishee is bound from the time of service until final judgment." *Chase v. Foster,* 9 Iowa, 429; *Kennedy v. Tiernay,* 14 R. I. 530; *Puff v. Hucher,* 78 Ky. 148.

It is true that these decisions all depend upon the statutes of their respective states, but they show the trend of the authorities when the statutes are open to the construction that the garnishee is bound until final judgment.

We have next to inquire concerning the effect of the new section added in 1891 (Act No. 178, Laws of 1891, § 28), and the justice's order under it. This section provides:

"In all cases where the defendant prevails or takes an appeal in the principal suit, the court shall make an order releasing said moneys so garnisheed. Said order shall be directed to the garnishee defendant, and shall be delivered to the principal defendant upon request of the defendant. Said order shall recite the reason for releasing said garnishee defendant, and said garnishee defendant shall then and there be released from all liability."

It must be read with those already discussed, for the latter are not repealed. Unless we are to adhere to the defendant's construction, viz., that this section means that the justice shall discharge the garnishee in cases where the defendant prevails before the justice in the principal suit, this section is not inconsistent with the sections already discussed, and the construction hereinbefore placed upon them. If it is to be so construed, it is inconsistent with them. It is also noticeable that this section does not provide that the justice, but that the *court,* shall make the order of discharge, thus putting it into the power of whatever court shall render the final judgment to make this order. It seem to be intended that

this order shall be made upon application of the principal defendant, and for his benefit, and apparently was designed to facilitate the collection of his claim from the garnishee, after the garnishee's liability to the plaintiff should have ceased. We are therefore of the opinion that the adverse judgment did not release the garnishee from the plaintiff's claim.

Authorities will be found which indicate that the plaintiff should have appealed from the order discharging the garnishee, and that, not having done so, he cannot now question it. Such a case is *Brown v. Tuppeny*, 24 Kan. 29. See, also, 8 Amer. & Eng. Enc. Law, 1258. Under the statutes cited, the justice had no authority to do more in the garnishee case than to take and file the disclosure, and adjourn the proceeding until judgment should be rendered; and we have already said that this means final judgment. The appeal removed the principal case from his jurisdiction, and thereafter only the circuit court had authority to make the order of discharge. The order made by the justice was made before the appeal was taken, and was premature. He had no authority to make it. He should have waited the statutory period within which the plaintiff might appeal. His order was therefore void, and it was not necessary for the plaintiff to appeal from it. The case of *Kennedy v. Tiernay*, 14 R. I. 530, involves this question. The court said:

"The court is not called upon to pass upon the liability of the garnishee until the plaintiff has established his claim, and obtained a judgment against the defendant. If the plaintiff fails in the suit against the defendant, the question of the garnishee's liability does not arise."

In this case the court held that the appeal brought up the garnishee proceedings as incident to the principal suit.

This brings us to the remaining question in the case, viz., whether the garnishee proceeding was brought to

the circuit by the appeal of the principal suit, so that the circuit court might enter a judgment against the garnishee. The authorities are not harmonious upon this subject. Some cases—like the Rhode Island case cited—hold this doctrine. Counsel for the plaintiff cites several cases to the proposition that the garnishee proceeding is ancillary to the principal case, and must, of necessity, follow it when it is appealed. But we think this must depend upon the statute, and that our statute clearly shows a contrary intention on the part of the Legislature. A reference to the statutes shows a difference in procedure between cases begun in justices' courts and those commenced in the circuit. Section 8035 of the justice act provides that—

"The service of the summons upon such garnishee shall be deemed the commencement of *suit*."

Section 8038 provides for a summons against the garnishee to show cause, to be issued by the justice within 30 days after the *"final determination* of the [principal] suit" against the defendant. Section 8040, as already stated, prescribes the pleadings and trial of an issue and for an appeal. On the other hand, there is nothing which points out a procedure in such cases at the circuit. In this case the garnishee defendant was not brought in by summons, citation, or otherwise, but upon *ex parte* motion a final judgment was rendered against it. The amount was small, and ordinarily would be within the exclusive jurisdiction of a justice of the peace, and under section 8043 the judgment might be stayed, if rendered in justice's court. In our opinion, the statute contemplates that the action in justice's court against the garnishee should remain in abeyance pending the appeal in the principal case. After judgment the justice might issue his summons to show cause, the issue could then be joined, and proof of the circuit court judgment, when introduced, would furnish the foundation for a judgment against the garnishee. Inasmuch as this practice was not

followed, we have no alternative but to reverse the judgment. No new trial will be necessary, as the circuit court has no jurisdiction of the proceeding.

The other Justices concurred.