[No. 2575. Decided July 14, 1897.]

THE SEATTLE TRUST COMPANY, *Appellant*, v. LEE J. PITNER, *Respondent*.

APPEAL BOND—GARNISHEE AS PARTY.

A garnishee is not such an adverse party as to require the giving of a bond to him upon an appeal by plaintiff from a judgment in the principal action in favor of defendant, as the garnishment proceeding is merely incidental to the principal action and the garnishee has no interest in the subject matter of the appeal which will be affected by a reversal or modification of the judgment appealed from.

Appeal from Superior Court, King County.—Hon. RICHARD OSBORN, Judge.

Motion to dismiss appeal for failure to file bond. Denied.

*Strudwick & Peters*, for appellant.
*Donworth & Howe*, for respondent.

The opinion of the court was delivered by

ANDERS, J.—Appellant instituted an action in the su-

perior court of King county against the respondent Pitner to recover the sum of $3,533.25, and sued out a writ of garnishment therein directed to the Washington National Bank as garnishee, requiring it to answer in what amount it was indebted to Pitner, and what effects, if any, of the said Pitner it had in its possession or under its control. The bank, by its cashier, appeared and filed its answer to the writ, admitting an indebtedness to Pitner in the sum of $407.43, the same being an ordinary deposit and subject to the check of said Pitner. This answer of the garnishee was not controverted either by the respondent Pitner or by the appellant. The respondent Pitner also answered denying most of the allegations of the complaint, and setting up a counterclaim against the plaintiff. The cause was tried by the court without a jury and, on the 22d day of December, 1896, judgment was rendered in favor of the defendant Pitner for the sum of $195.28, with costs. On the same day, on motion of appellant, the court fixed the penalty of the bond to be given to stay proceedings in the sum of $1,000. Thereafter, and on the 31st day of December, 1896, appellant served notice of appeal upon the defendant Pitner, and also upon the garnishee, and at the same time filed its bond in the sum of $1,000 to the respondent Pitner only .

Counsel for respondent now move to dismiss the appeal upon the ground that the appeal taken became ineffectual for any purpose by reason of the failure of appellant to execute an appeal bond to the respondent, the Washington National Bank. Our statute declares that the appeal is effected by the giving or service of notice of appeal as prescribed therein, and that such notice shall be served upon all parties who have appeared in the action. (Laws 1893, p. 121, § 4, and p. 122, § 5). And it is conceded by counsel for the respondent that the appeal in this case

was properly taken in the first instance, but it is claimed that it is no longer effectual because the appeal bond filed by appellant does not run to the garnishee bank as well as to the respondent Pitner. By serving the notice of appeal upon the garnishee the latter was made a party to this appeal, if it was a party to the action between the plaintiff and the defendant in the court below. If it was not such party, then no notice of appeal was required to be served upon it and no bond was required to be given to it by appellant. But it is not necessary for the appellant to give and file a bond to all parties who have appeared in the action, but only to the "adverse party." (Laws 1893, p. 122, § 6). The question, then, is whether the garnishee, in view of the facts in the case, is an "adverse party" to appellant in contemplation of the statute. This question has frequently been determined by the courts of the various states, and the decisions are generally based upon the same propositions of law and supported by the same course of reasoning. It was determined by the supreme court of California in the case of *Senter v. De Bernal*, 38 Cal. 637, and the decision thereon is so clear, definite and reasonable that it is scarcely subject to criticism. It will therefore be considered as fully expressive of our views upon the question. In that case certain of the defendants appealed from the judgment, but failed to serve the notice of appeal upon co-defendants who were granted relief by the judgment. For that reason a motion to dismiss was filed and the court said:

" The code provides that *any party* aggrieved by the judgment of the district court may appeal, and the party appealing shall be known as the appellant, and the *adverse* party as the respondent. (Sec. 335). By ' any party ' is to be understood, as we consider, any *person* who is a party to the action. The appeal may be taken by filing a notice

with the clerk, and serving a copy upon the *adverse party* or his attorney. (Sec. 337).

" The question is as to the meaning of the words ' adverse party ' as here used, and as to that we think there can be no rational doubt. Every party whose interest in the subject-matter of the appeal is adverse to or will be affected by the reversal or modification of the judgment or order from which the appeal has been taken, is, we think, an ' adverse party ' within the meaning of these provisions of the code, irrespective of the question whether he appears upon the face of the record in the attitude of plaintiff or defendant or intervenor."

The court in that case adopted the construction of these words given by Chancellor WALWORTH in the leading case of *Thompson v. Ellsworth*, 1 Barb. Ch. 627, and the doctrine announced is certainly sound. Now, it seems to us that the bank has no interest in the subject matter of this appeal which will be substantially affected by a reversal or modification of the judgment appealed from. In fact, it never had any interest in the action between the plaintiff and the defendant further than to see that whatever judgment might be rendered therein against the defendant was valid and such as would constitute a basis for a binding and legal judgment against the garnishee. The garnishee was not even a party to the original action in the ordinary sense of the term. (Waples, Attachment and Garnishment (2d ed.), § 473; *Cook v. Whitney*, 3 Woods, 715. It had no right whatever to control the proceedings or interfere therein in favor of the one party or the other. It was its duty to stand aloof from both parties and to do nothing in aid of either. It was only required to know that the proceedings against itself were valid and such as it was legally bound to act upon. Under our statute a proceeding against a garnishee is essentially an action, or at least in the nature of an action.

The clerk of the court is required to docket the pro-

ceeding in the name of the plaintiff as plaintiff and of the
garnishee as defendant, and if the answer of the garnishee
is controverted either by the plaintiff or the defendant,
issues are formed and tried as in other cases. (Laws 1893,
ch. 56, p. 95). In fact, it seems to be generally under-
stood that a proceeding against a garnishee is an action.
(Waples, Attachment and Garnishment (2d ed.), §§ 470-
472; 2 Wade, Attachment, §§ 332, 340). But the pro-
ceeding against the garnishee is nevertheless subsidiary and
incidental to the main action and ultimately depends for
its efficacy upon it, and hence this court stated, in *Kelly
v. Ryan*, 8 Wash. 536 (36 Pac. 478), that

" It [the garnishment proceeding] is inseparably con-
nected with the result of the pending action, and if the
original action has been concluded to judgment, then it
is limited by that judgment."

It is urged that the bank, as garnishee, is interested in
sustaining the judgment of the court below, first, because
it has itself been discharged, and second, because if the
judgment in favor of Pitner is affirmed the bank will not
be liable to appellant. But the fact that an order was en-
tered expressly discharging the garnishee is of no special
significance. If no such order had been made, the judg-
ment against appellant, in the absence of an appeal, would
have discharged the garnishee, by operation of law, for the
reason that the garnishee could not be held liable to ap-
pellant unless the defendant was indebted to him. But
the order discharging the writ of garnishment made by
the court below was not final, because the appeal, which
was properly taken without delay, had the effect to con-
tinue the garnishee before the court and bring up the ques-
tion of its liability. *Kennedy v. Tiernay*, 14 R. I. 528;
Waples, Attachment and Garnishment (2d ed.), § 961;
2 Shinn, Attachment and Garnishment, § 704. See, also,

24—17 WASH.

*Puff v. Huchter*, 78 Ky. 146; *Erickson v. Duluth S. S. & A. Ry. Co.*, 105 Mich. 415 (63 N. W. 420).

This results from the fact already mentioned that a proceeding against a garnishee is incidental to the principal action; and an appeal from a judgment in favor of the defendant carries with it all of the legal incidents.

The respondent cites the case of *Bauer v. Adkins*, (Tex.) 28 S. W. 1009, as fully sustaining the position that the garnishee, in this case, is an adverse party to the appellant, but in our judgment that case differs from the case at bar in at least one important particular. That was a garnishment proceeding commenced in a justice court and was based upon a judgment previously rendered in the same court in favor of Adkins and against Bauer. The writ of garnishment was sued out by Adkins and directed to the Knights of Honor as garnishee. The Knights of Honor, by its agent and treasurer, answered that the garnishee, the Knights of Honor, at the time the writ was served upon it, was indebted to the defendant Bauer in the sum of $2,000, which sum was paid over to Bauer, after the writ was served, by said garnishee, upon the filing by said Bauer of a replevy bond as provided by law. The defendant Bauer filed a motion to quash the affidavit and writ of garnishment and also filed a plea to the jurisdiction of the court, and, at the same time, a plea controverting the answer of the garnishee. The cause was appealed to the county court and there proceeded to trial, and the motion and pleas having been overruled, judgment was entered against Mrs. Bauer and her sureties, and also against the garnishee, the Knights of Honor, with the provision that the satisfaction of the judgment against Bauer and her sureties should satisfy the judgment against the Knights of Honor. Bauer appealed and filed an appeal bond payable to Adkins only, the law requiring such bond

to be " payable to the appellee or defendant in error." The court held, upon these facts, that the Knights of Honor were a necessary party and not having been properly brought before the court, the appeal was for that reason dismissed.

The garnishee in that case, having paid the amount of its debt to the plaintiff, was substantially and pecuniarily interested in having no modification or reversal of the judgment against Bauer or her sureties, since if the judgment should not be paid by her or them the garnishee would be obliged to make a second payment to the plaintiff and to look to the original defendant, Bauer, and her sureties, for indemnification. There is no such situation of affairs presented here, and for that reason the case is not deemed decisive of the question under consideration.

We have carefully examined all of the cases cited for the respondent, and we do not think that they sustain the contention of the respondent's counsel. The motion is denied.

SCOTT, C. J., and REAVIS, GORDON and DUNBAR, JJ., concur.