OLCZYNSKI v. BOLIBRZUCH.

1. GARNISHMENT—APPEAL FROM JUDGMENT FOR PRINCIPAL DEFEND-
ANT—DISCONTINUANCE.

Suit against principal defendant in which appeal has been per-
fected from judgment in his favor is a live judicial proceeding
and it cannot be said that there is such a failure to recover
judgment as to discontinue proceedings against garnishee de-
fendant (3 Comp. Laws 1929, § 14897).

2. SAME—INJUNCTION.

Garnishee defendant *held*, entitled to relief on her bill to enjoin
payment of redemption money to her judgment creditor who
had purchased her property at sheriff's sale, where he was
principal defendant in suit in which appeal was pending from
judgment in his favor.

Appeal from Wayne; Ferguson (Homer), J. Sub-
mitted April 4, 1934. (Docket No. 24, Calendar No.
37,552.)   Decided June 4, 1934.   Rehearing denied
July 2, 1934.

Bill by Stella Olczynski against Walter Bolibrzuch
and Otto Stoll, register of deeds, to enjoin payment
of redemption money and for other relief. Bill dis-
missed. Plaintiff appeals. Reversed and remanded.

*Harry J. Lippman,* for plaintiff.

*Davidow & Davidow,* for defendant.

WIEST, J. Defendant Bolibrzuch had a judgment
against plaintiff for upward of $7,000. Thereupon
one Clifford Dinus sued Bolibrzuch and served a
writ of garnishment upon plaintiff. Plaintiff made
disclosure of the judgment indebtedness. Boli-

brzuch took out execution upon his judgment, levied upon plaintiff's property, and purchased the same at sheriff's sale. Plaintiff, in order to redeem, paid the sale price to the register of deeds, and then filed the bill herein to restrain the register of deeds from paying the redemption money to Bolibrzuch and the latter from attempting to collect the money as she wanted to be protected under the Dinus writ of garnishment. Suit by Dinus resulted in a judgment for defendant, followed by an appeal now pending in this court. Upon judgment against Dinus of no cause of action against Bolibrzuch, the latter moved the court to dissolve the injunction restraint imposed at the instance of plaintiff. The court held that failure of Dinus to obtain judgment against Bolibrzuch discharged the garnishment proceeding against plaintiff and dismissed her bill.

Plaintiff prosecutes an appeal, presenting the question of whether a writ of garnishment survives failure to obtain judgment against the principal defendant and maintains the *status quo* pending disposal of a perfected appeal.

The circuit judge held that, under the following statutory provision, the garnishment proceeding ended with failure of plaintiff in that suit to obtain judgment:

"A failure to recover judgment against the principal defendant, or a satisfaction of such judgment, in any manner, shall be deemed a discontinuance of all proceedings against the garnishee." 3 Comp. Laws 1929, § 14897.

May it be said that an unsuccessful endeavor at *nisi prius* is such a failure to recover judgment as falls within the mentioned statute, or should it be said that, as long as the suit remains a live judicial

proceeding, there is as yet no failure to recover judgment?

Counsel for defendant injects much of the Dinus case into his argument but this we cannot consider. Even if there is merit in the claims made it cannot be taken up here for there has been no hearing on plaintiff's bill.

The court was in error in holding that the failure of Dinus to obtain judgment against Bolibrzuch in the circuit court and with an appeal duly taken discharged the garnishment proceeding against plaintiff. Plaintiff, by her bill, merely sought to have matters held without prejudice to her rights, pending determination of whether, as judgment debtor of Bolibrzuch, he should be paid or whether she should respond to Dinus under the writ of garnishment.

The decree dismissing the bill is reversed and the cause remanded to the circuit court, with costs to plaintiff.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.