NELSON, Appellant, v. KITTELSON, et al, Respondents

(27 N. W.2d 200)

(Files Nos. 8888 and 8906. Opinion filed April 21, 1947.)

Henry C. Mundt, of Sioux Falls, for Appellant.

T. R. Johnson, of Sioux Falls, for Selmer O. Kittelson and Eric Anderson, Garnishee, defendants and Respondents.

WOHLHETER, Circuit Judge. The plaintiff and appellant brought this action against one Olaf Kittelson to recover for certain seed grain and labor. Olaf Kittelson as defendant served and filed an answer and counterclaim. A garnishee summons and affidavit in garnishment were also served on Olaf Kittelson, as defendant, and upon Eric Anderson and the Farmers State Bank of Lyons as garnishee defendants. An affidavit of disclosure in garnishment was made by Eric Anderson as garnishee admitting liability, but the said bank made no disclosure and is in default.

Issue was joined in the main action and the case was tried to a jury, resulting in a verdict for the defendant Olaf Kittelson on February 26, 1946. On that day the plaintiff moved for judgment notwithstanding the verdict and the trial court ordered all proceedings stayed and fixed the time for hearing on such motion for March 7, 1946. On March 7, 1946, the trial court overruled the motion for judgment notwithstanding the verdict and entered judgment for the defendant Olaf Kittelson and notice of entry of such judgment in the main action was served on the plaintiff and appellant on March 7, 1946. On March 9, 1946, the trial court ordered a stay of all proceedings for a period of thirty days and on said day the plaintiff ordered a transcript from the official court reporter.

The defendant Olaf Kittelson died on March 22, 1946, and Selmer O. Kittelson, defendant and respondent herein, was appointed administrator of his estate on April 22, 1946.

On May 7, 1946, the plaintiff served notice of motion for new trial, on May 13, 1946, the trial court by order denied the motion for new trial but no notice of entry of such order was ever served on the plaintiff. On May 28, 1946, the plaintiff made application for the substitution of Selmer O. Kittelson, administrator, as party defendant for the defendant Olaf Kittelson, deceased, and the trial court by order dated June 8, 1946, substituted the said Selmer O. Kittelson, administrator, as party defendant.

On August 29, 1946, the plaintiff perfected his appeal to this court by serving and filing notice of appeal and supersedeas bond.

In the garnishment action the trial court on March 7, 1946, made and filed its judgment and order dismissing the garnishment proceeding and notice of entry of such order was served on the plaintiff on September 3, 1946, and on October 31, 1946, the plaintiff served notice of appeal and furnished a supersedeas bond in the garnishment action.

By stipulation of the parties the appeals were consolidated in this court and the matters are here upon a motion by respondent to dismiss each of the appeals.

The respondent contends that the appeal in the principal action should be dismissed for the reason that the appeal in the garnishment proceedings was a nullity and therefore the appeal presents a moot question. With this contention we cannot agree. The appeal in the principal action was timely, the administrator was properly substituted by the trial court and supersedeas bond was furnished. The appeal from the judgment and order denying new trial was taken within the time in which appeal is allowed from the judgment and is not subject to dismissal on that ground. Carlton v. Saville, 55 S. D. 87, 224 N. W. 957. The garnishment proceedings were subsidiary and incidental to the main action. By the appeal filed in the main action the garnishment proceedings remained alive pending the appeal. See Olczynski v. Bolibrzuch, 267 Mich. 665, 255 N. W. 387; Farmers State Bank of Merkel v. First Nat. Bank of Anson, Tex. Civ. App., 228 S. W. 268; Erickson v. Duluth, S. S. & A. Ry. Co., 105 Mich. 415, 63 N. W. 420. "The general rule is that garnishee is under duty to hold the garnished property or not to pay the garnished debt pending an appeal, at least where a supersedeas bond is filed." 5 Am. Jur., Attachment and Garnishment, § 740.

In the case of Seattle Trust Co. v. Pitner, 17 Wash. 365, 49 P. 505, 506, the court said in part: "But the order discharging the writ of garnishment made by the court below was not final, because the appeal which was properly taken without delay had the effect to continue the garnishee before the court, and bring up the question of its liability. * * * This results from the fact already mentioned that a proceeding against a garnishee is incidental to the principal action,

and an appeal from a judgment in favor of the defendant carries with it all of the legal incidents."

The respondent contends that the appellant's failure to file a claim in the estate of Olaf Kittelson, deceased, renders further litigation of appellant's cause of action a moot question. However it was not necessary for appellant to present a claim in the estate because the administrator was by order of the trial court substituted as party defendant which is equivalent to the presentation of the claim. This is the general rule as found in 34 C. J. S., Executors and Administrators, § 396, where it is said: "On the other hand, where plaintiff within the time limited for the presentation of claims obtains an order of revivor or making the administrator a party to such suit, this order is generally equivalent to, and dispenses with, the actual presentation of the claim * * *." United States Gypsum Co. v. Shaffer, 7 Cal. 2d 454, 60 P.2d 998; Brennan v. Brennan, 65 Cal. 517, 4 P. 561. And in 21 Am. Jur., Executors and Administrators, § 345, it is said: "But the revival of the action against the representative is generally considered equivalent to presentation and the same is true of a substitution on appeal." Megrath v. Gilmore, 15 Wash. 558, 46 P. 1032. And this rule prevails notwithstanding the provisions of our statute SDC 35.1416.

The contention of the respondent that the appeal in the garnishment proceedings should be dismissed cannot be sustained. The judgment and order dismissing the garnishment proceeding was signed and filed by the trial court on March 7, 1946. The notice of entry of such judgment and order was served on September 3, 1946, and appeal was perfected on October 31, 1946. The time limited for appeals dates from the service of written notice of the entry of judgment. Johnson v. Olson, 70 S. D. 348, 17 N. W.2d 697. The appeal therefore was timely.

The respondent further contends that the appeal in the garnishment proceeding is ineffectual because the bank was not served with notice of appeal and there was no order substituting the administrator as a party in the garnishment proceedings. The bank made no appearance

540

in the garnishment proceedings and it is not a party in interest. Seattle Trust Co. v. Pitner, 17 Wash. 365, 49 P. 505. Therefore notice of appeal to the bank was not necessary.

The notice of entry of judgment and order dismissing the garnishment was signed by the attorney for the respondent as "attorney for principal defendant and Selmer O. Kittelson as administrator of the estate of Olaf Kittelson, deceased." The attorney also signed the stipulation consolidating the actions as attorney for the administrator. The voluntary appearance of the administrator was sufficient to revive the action. "A personal representative who voluntarily appears after the death of his decedent, who was a party to an action, thereby waives the service of process or notice, and any defects or informalities in the proceedings looking to a revival." 6 C. J. S., Appearances, § 19; 4 C. J., Appearances, § 64; Teter et al. v. Irwin et al., 69 W. Va. 200, 71 S. E. 115, Ann. Cas. 1913A, 707; Dickinson et al. v. Abb, 73 Okl. 322, 176 P. 523; Lieuallen v. Young, 115 Okl. 153, 241 P. 342; 1 C. J. S., Abatement and Revival, § 184; Nelson v. Ziegler, 196 Wis. 426, 220 N. W. 194.

The motion to dismiss the appeals is denied.

WOHLHETER, Circuit Judge, sitting for POLLEY, J.