NELSON, Appellant, v. KITTELSON, et al, Respondents

(29 N. W.2d 77.)

(File Nos. 8888 and 8906. Opinion filed October 6, 1947.)

**Henry C. Mundt,** of Sioux Falls, for Plaintiff-Appellant.

**T. R. Johnson,** of Sioux Falls, for Defendant and Respondent Selmer O. Kittleson, administrator of the estate of Olaf Kittleson, deceased, and Eric Anderson, Defendant-Respondent.

ROBERTS, J. This is an action to recover for seed oats and labor. Defendant pleaded as a counterclaim amounts paid by him for the hire of farm machinery which he was compelled to hire because of plaintiff's failure to comply with an agreement to the effect that if defendant would occupy plaintiff's premises defendant could have the use of plaintiff's machinery and concluded his counterclaim

with a prayer that the value of the oats be deducted from the amount owing by the plaintiff to the defendant. Eric Anderson, garnishee defendant, filed a disclosure stating that he had 650 bushels of oats on his premises belonging to the principal defendant. The garnishee bank made no disclosure. The case was tried to a jury and a verdict was returned for the defendant in the sum of $66. Defendant Olaf Kittelson having died after entry of judgment, Selmer O. Kittleson, administrator of his estate, was substituted as party defendant. Plaintiff appeals from the judgment and from an order dismissing the garnishment proceeding. Motion to dismiss the appeals was denied. Nelson v. Kittleson, 71 S. D. 535, 27 N. W.2d 200.

There appears to be no controversy on any material point in the evidence with respect to the facts alleged in the complaint. It is conceded that plaintiff was entitled to recover for the seed oats and labor in the amount of $133.50. Defendant testified that plaintiff "wanted me to come and stay on his fifteen acre farm because he was going to California for the summer and he says you can rent the neighbor's one hundred twenty acres or one hundred twenty four acres, something like that, and stay and take care of his place this summer until he came back * * * and that I could use his machinery * * *. I had a conversation with plaintiff the first part of May * * *. He said he was going to take the tractor to Lyons and he took it up there and the first thing I knew he had the tractor sold." Plaintiff denied that he promised defendant the use of his tractor and other machinery.

■■■ Complaint is made that the trial court submitted issues without supporting testimony. Defendant in his counterclaim asked damages for the breach of the contract in the sum of $238.80. This included an item of $60 "for hire of tractor and binder" at $1 per acre. Defendant over objection testified that he hired a combine to harvest 60 acres of grain at $3.50 per acre. There is no evidence that plaintiff owned a combine and the loss of the value of the use of the plaintiff's tractor and other machinery clearly did not include the hire of the combine. Recovery is limited

to such damages as arise out of the contract, or which, in the ordinary course, would be likely to result from the breach. SDC 37.1801. The record will not sustain a recovery either of the hire of a tractor and binder or of a combine.

Other errors are argued which it is not necessary to discuss and determine in disposing of this appeal.

The judgment and the order dismissing the garnishment proceeding are reversed.

All the Judges concur.