[No. 3,721.]

## THE PEOPLE EX REL. MARY A. BURDELL *v.* THE PROBATE COURT OF MARIN COUNTY, AND JOSEPH ALMY, JUDGE THEREOF.

CHANGE OF VENUE BY PROBATE COURT.—The Probate Court of a county has jurisdiction to change the place of trial of an issue of fact to the Probate Court of another county.

PRACTICE ON CHANGE OF VENUE IN PROBATE COURT.—When the place of trial of an issue of fact in the Probate Court is changed to another county, the Clerk of the Court to which the case is sent can certify a transcript of the proceedings and result of the trial back, and the Court from which the case was sent can enter the appropriate judgment.

CHANGE OF VENUE IN PROBATE COURT.—When an issue of fact is joined in a Probate Court as to the competency of a testator to make a will, and three trials had at great expense, in which the juries disagreed, have shown that an impartial jury cannot be obtained, it is not error to change the venue.

APPLICATION to the Supreme Court for writ of mandate.

The facts are stated in the opinion.

*J. McM. Shafter, J. B. Southard,* and *J. M. Seawell,* for Relatrix.

*Sidney V. Smith & Son,* for Respondent.

By the Court, CROCKETT, J. :

A paper purporting to be the last will of James Black, deceased, was presented for probate to the Probate Court of Marin County.    One of the heirs at law filed an opposition to the probating of the alleged will, on the ground that the testator was incompetent to make a will, and that it was procured through fraud and undue influence.    Three several juries were impaneled to try these issues, each of which failed to agree.    Thereupon the executors applied to the Court, upon notice and affidavits, for an order to change the place of trial to another county, on the ground that it would be impossible to obtain an impartial jury in that county, and that each of the preceding trials had involved an expense to the estate of more than three thousand dollars. The affidavits make a strong showing in support of the application, and no counter-affidavits were presented.    At the hearing, the motion was granted and an order entered changing the place of trial to the City and County of San Francisco, and to the Probate Court thereof.    Subsequently, the opponents moved the Probate Court of Marin County to proceed with the trial, claiming that it had no jurisdiction to change the place of trial, and that the order transferring the issues to the Probate Court of San Francisco for trial, was void.    The Probate Court of Marin refusing to proceed with the trial, this is an application for a writ of mandate to compel it to proceed.

The only question raised by the application for the writ, is whether the Court had the authority and jurisdiction to enter the order changing the place of trial.    There is no express provision of the statute authorizing the place of trial to be changed in such cases.    But section twenty-one of the Practice Act in civil cases provides that in civil actions the place of trial may be changed, when there is reason to believe that an impartial trial cannot be had in

the county in which the action is pending, or "when the
ends of justice may be promoted by the change;" and
section twenty of the Probate Act, as amended by the Act
of March 30th, 1868, providing for the trial of such issues
by a jury in the Probate Court, directs the jury to be sum-
moned and impanelled in the same manner as is provided
by law for summoning and impaneling juries in the County
Courts for the trial of civil actions, and that the trial shall
be had as in other civil actions, and that a new trial may be
had, and an appeal taken, as in other civil cases. It is
further provided that "the Act regulating proceedings in
civil cases in the Courts of justice in this State, when not
inconsistent with or repugnant to the provisions of this Act,
shall be applicable to and govern the practice on trials of
issues of fact by jury in the Probate Court, provided for in
this Act." Section two hundred and ninety-three of the
Probate Act also provides that "the practice in the District
Court shall be applicable to *proceedings* in the Probate
Court, so far as the same does not conflict with any enact-
ment specially applicable to the Probate Court, or is not
inconsistent with the provisions of this Act;" and by the
Act of May 6th, 1854 (Stats. 1854, p. 153,) it is provided
that if an action or proceeding is pending "in a Court,"
and if the judge is disqualified from acting, "or if from
any cause the Court orders the place of trial to be changed,"
the cause shall be transferred to another Court or county;
and if it be pending in a Probate Court, it shall be sent to
a District Court, or some other Probate Court. The fourth
section provides that in an action or proceeding transferred
from a Probate Court, the Clerk of the Court in which it is
heard, after final judgment therein, shall certify under his
seal of office, and transmit to the Court from whence it was
transmitted a full transcript of the proceedings and judg-
ment, and the Clerk receiving the same "shall docket and
record the judgment in the records of his Court, briefly

designating it as a judgment transferred from ——— Court (naming the proper Court)."

Considering all these provisions together, we entertain no doubt whatever that in a case like this it is competent for the Probate Court to order the place of trial to be changed. A different rule would operate, practically, as a denial of justice. In this case a very large estate has been tied up, and its . administration impeded for several years, whilst three fruitless trials were being had, at an expense to the estate of nearly ten thousand dollars; and with a very slight probability that for years to come an impartial jury could be had in that county. Nor do we see any practical difficulty which is to result from changing the place of trial. A transcript of the proceedings and the result of the trial can be certified by the Court in San Francisco to the Court in Marin, on receiving which the latter Court will enter the appropriate judgment, with proper recitals.

Application denied, and writ dismissed.

Mr. Chief Justice WALLACE did not express an opinion.