## MILLER & CO. v. MASON & CO.

1. **Garnishment:** ISSUE UPON ANSWER: VENUE. The trial of an issue made upon the answer of the garnishee denying indebtedness must take place in the court wherein the original action is pending, and the garnishee is not entitled to a change of venue to the county of his residence.

*Appeal from Shelby District Court.*

WEDNESDAY, JUNE 4.

THE appellants, who are residents of Polk county, were served with garnishee process in a cause pending in Shelby county. Their answer denying indebtedness to the defendant in the action was controverted in a reply filed by plaintiff, and an issue thereon was thus joined, and the cause was docketed for trial. Thereupon the garnishee moved to have the venue of the cause changed to Polk county, on the ground that they resided in that county. The motion was overruled, and from this decision the garnishees appeal.

*John A. McCall*, for appellants.

*L. W. Ross* and *Smith, Carson & Harl*, for appellees.

BECK, CH. J.—The only question in this case involves the correctness of the court's ruling in refusing to change the venue of this cause to the county of the gar-

1. GARNISH-
MENT : issue
upon answer:
venue.

nishee's residence. Garnishment is a proceeding to subject credits of a defendant to seizure upon attachment or execution. It is a part of the proceedings in attachment or execution. Code, § 2975. Proceedings in attachment are auxiliary to the main action, and are to be prosecuted as such. Code, § 2950. The purpose of the proceeding is to subject credits to the satisfaction of the judgment obtained or to be obtained in the main action. It

should, therefore, remain in the court where the main action is pending. This requirement is necessary for the proper protection of the interest of all parties. It is not usual, if it ever is the case, for a mere auxiliary proceeding to be prosecuted in a court other than the one wherein the main action is pending. It would not be permitted in the absence of express statutory requirement. There is no such a statute in this State.

The statute which requires an action brought in a county wherein the defendant does not reside to be transferred to the county of his residence has no application to the proceedings of garnishment, for the reason that such proceeding is auxiliary in its character, as we have pointed out, and not an action which may be brought or prosecuted in another court. The garnishee is required to appear to the action wherever, in the State, it may be depending upon service of process made upon him. *Westphal, Hinds & Co. v. Clark*, 42 Iowa, 371. The trial of the issue must be had in the court having jurisdiction of the subject-matter and person of the garnishee, there being no statute authorizing a change of venue to the county of the garnishee's residence.

AFFIRMED.