# CASES

IN THE

# SUPREME JUDICIAL COURT,

OF THE

## STATE OF MAINE.

———————◆———————

NATHAN F. BACKUS, appellant, *vs.* OREN B. CHENEY and others.

SARAH E. STANLEY, appellant, *vs.* Same.

Franklin.   Opinion February 1, 1888.   Announced August 2, 1887.

*Will.   Probate appeal.   Change of venue.   Practice.   R. S., c. 63, § 28.*

In a probate appeal, " if . . . any question of facts occurs proper for a trial by jury, an issue may be formed (framed) for that purpose under the direction of the court and so tried." R. S., c. 63, § 28.

When such issue has been framed the court has power to order a change of venue for a trial of the same.

If the issue is decisive of the case the whole case is transferred, and the decision is certified directly to the probate court. Otherwise where other proceedings must be had in the appellate court after the decision of the issue framed for the jury.

When questions of law arise in the trial before the jury, they should be entered and heard in the district in which the trial was had.

ON exceptions.

An appeal from the decision of the judge of probate for Franklin county, approving and allowing of the will of Sarah S. Belcher, late of Farmington, deceased.

The proponents of the will filed the following motion and the exceptions were to the ruling of the court, as a matter of law, that there was no authority in the court to grant the motion.

(Motion.)

"And now on the first day of said term come the president and trustees of Bates college, a corporation legally existing under the laws of the state of Maine, and interested as the residuary legatee and devisee, under the said will of Sarah S. Belcher, and Oren B. Cheney, executor named in said will, and respectfully move the court, in case the court should determine to submit to the jury issues of fact arising therein, to order the transfer of the above entitled civil action and appeal relating to the probate of the said will of said Sarah S. Belcher, and the codicil thereto and to the appointment of the executor therein named to be the executor of said last will and testament, now pending in said court, to the docket of said court in some other county, as the court shall determine, in said state, other than said county of Franklin, for trial, and respectfully show the following causes for the granting of said motion:

"That by the provisions of said will the title to a large amount of real and personal estate, exceeding fifty thousand dollars in value, and heretofore subject to assessment for purposes of taxation in said Farmington, passes to the said president and trustees of Bates college, and thereby becomes devoted perpetually to the education of youth, and exempt, under the laws of the state, from all taxation whatever, either for state, county or municipal purposes; leaving all public charges in said town and county, if said will should be allowed, to be assessed upon the other property therein, and thereby giving the inhabitants of said town of Farmington and of said county of Franklin a direct pecuniary interest adverse to the probate of said will.

"That by the publication of certain newspaper articles in said county commenting upon the effect of the will in the respect above mentioned, by current reports and by frequent and general conversation throughout the county, the fact of such exemption of property from taxation under the terms of said will has become generally known, and a prejudice against the will as injurious to the interests of Farmington and of the county itself, prevails generally throughout the county of Franklin.

"That many of the heirs-at-law of the said Sarah S. Belcher

who resist the probate of the will, nephews and nieces of the said testatrix, are residents of the town of Farmington and its vicinity, and have numerous and extensive family connections throughout the county ; and there exists generally in Farmington and in the other towns of the county a very strong and bitter local prejudice against the will and against its being allowed as the last will and testament of said Sarah S. Belcher, with an almost universal disposition and desire to defeat it if possible.

"That this prejudice and feeling against the will, and interest and desire to defeat it, arising from its provisions and from its effect to transfer the title to a large estate from heirs resident in Franklin county to Bates college, and to exempt it from local taxation, and from other causes which will be more fully stated in evidence, are so general throughout the county and so intense that your petitioners are advised by their counsel, and respectfully inform the court of their own conviction and belief that it is impossible for them to have a fair trial upon the merits of the case before the jury at a term of said court holden in said Franklin county.

"The President and Trustees of Bates college, and Oren B. Cheney, executor named in said will. By S. Clifford Belcher and Joseph W. Symonds, their attorneys."

*S. C. Strout, H. L. Whitcomb, Holman and Belcher*, for appellants.

In both appeals there are questions of fact to be tried by a jury. At common law as adopted and applied in New England, no court had power to change the venue in any action. *Lincoln* v. *Prince*, 2 Mass. 544; *Hawkes* v. *Kennebeck*, 7 Mass. 461.

No such power exists in Massachusetts at the present time, there being no statute to authorize it. The power never existed in Maine until 1872, when it was conferred by chapter 45, laws of 1872, now incorporated in Revised Statutes, c. 82, § 14. We are not aware that in Massachusetts, nor in Maine prior to 1872, the administration of justice in either state has been delayed, perverted, or in any way thwarted by the absence of such power, and as the power exists only by virtue of the statute, it can only

be exercised, and ought only to be exercised, in cases expressly provided for, and as provided in the statute. *Powers* v. *Mitchell*, 75 Maine, 369.

Such statute being in derogation of the common law must be construed strictly. *Dwelly* v. *Dwelly*, 46 Maine, 377.

If the Supreme Court of Probate and the Supreme Judicial Court can be considered as one and the same then the power to transfer these appeals does not exist. The words of the statute are "any civil action or criminal case;" this is not a criminal case, nor is it a civil action. *Scire facias* is not a civil action. 104 Mass. 375. *Habeas corpus* is not a civil action. 41 Ind. 92. Submission to arbitration is not. 1 Allen, 212. Mandamus is not. 6 Binn. 5.

The statute words are "civil action and criminal case." The term civil action is undoubtedly used in the legal and accepted sense; if not so intended, both civil and criminal proceedings would have been classed under one term, as civil and criminal cases or causes; on the contrary, the term civil action, which has a well known legal meaning, is used, and the term case as applied to criminal is larger and may perhaps include all proceedings of a criminal nature. Civil action is defined in Rapalje's law dictionary as "an action instituted to enforce a private or civil right, or to redress a private wrong, as distinguished from proceedings to punish infringements of public rights and crimes, which are called criminal actions or prosecutions, the latter being the better word." Probate of a will has none of these elements. It is more nearly a proceeding *in rem* to determine the status of the deceased and the validity of the will. Civil actions are divided into three classes: "First, real actions." (This is not a real action.) "Second, personal actions, such as concern contracts, sealed or unsealed, and offences or trespasses. Third, mixed actions, which lie as well for the recovery of the thing as for damages, for the wrong sustained as ejectment." Wharton's Law Dictionary, Title Actions.

"Civil actions are divided into real, personal and mixed. Personal actions are *ex contractu*, or *detinue*, or *ex delicto*." Bacon's Abridgment, Title Actions, A. 47.

None of these old and well settled definitions of the term civil action can apply to or include a statute appeal of the kind here in issue. When the legislature uses a phrase having a well known and definite meaning in the law, it is presumed to be used in such sense. 4 Pick. 411; 7 Mass. 523; 27 Maine, 16; 24 Pick. 296; 1 Pick. 261; 66 Maine, 161.

The phrase, "civil action," is within this rule. By the Constitution, article first, section 20, in all civil suits the party shall have a right to a trial by jury. Suit and action are synonymous. 38 Vermont, 171.

Therefore, if this was a civil action or suit, the right to such a trial by jury must exist, but neither party can claim a trial by jury in a probate appeal as a matter of right. *Bradstreet* v. *Bradstreet*, 64 Maine, 209.

*Symonds and Libby*, and *S. Clifford Belcher*, for appellees, cited: R. S., c. 82, § 14; Tidd, Pr. 544, 548, 549; *Poole* v. *Bennet*, 2 Str. 874; *Mylock* v. *Saladine*, 3 Burr. 1564; *Rex* v. *Amery*, 1 T. R. 363; *Rex* v. *Harris*, 3 Burr. 1330; *Holmes* v. *Wainwright*, 3 East, 330; Compare *Gerard* v. *De Robeck*, 1 H. Bl. 280; *Howarth* v. *Willett*, 2 Str. 1180; *Foster* v. *Taylor*, 1 T. R. 781; *Watkins* v. *Towers*, 2 T. R. 275; *Cailland* v. *Champion*, 7 T. R. 205; *Mostyn* v. *Fabrigas*, Cowp. 177; *Petyt* v. *Berkely*, *Id.* 510; *Watt* v. *Daniel*, 3 Bos. & P. 425; *Rowley* v. *Allen*, Willes, 318; Esp. N. P. 211, 516, 517; Jacob, Law Dict. *Venue*; 3 Bl. Com; * 383, § 4.

General law powers of a court are exercised without the aid of a statute. *Cochecho R. Co.* v. *Farrington*, 26 N. H. 428; *Hilliard* v. *Beattie*, 58 N. H. 112; *Putnam* v. *Bond*, 102 Mass. 371; *Osgood* v. *Lynn*, 130 Mass. 335; *Lincoln* v. *Prince*, 2 Mass. 546, 547; *Cleveland* v. *Welsh*, 4 Mass. 592; *Hawkes* v. *Kennebeck Co.* 7 Mass. 463; *Carvill* v. *Carvill*, 73 Maine, 139.

For meaning of "cause" and "action" see, *Bridgton* v. *Bennett*, 23 Maine, 425; Abb. L. Dict. Action; *Valentine* v. *Boston*, 20 Pick. 203; *Ex parte County Commissioners*, 30 Maine, 221; *Webster* v. *Co. Com.* 63 Maine, 29; *Belfast* v.

*Fogler*, 71 Maine, 403 ; *Stiles' Appeal*, 41 Conn. 329 ; *Taylor* v. *Gardiner*, 11 R. I. 182.

HASKELL, J.    This is a probate appeal wherein the validity of a will is denied because of the incompetency of the testator, and because the same was procured by undue influence.

The appellees moved a change of venue because of local prejudice so great as to prevent a fair and impartial trial of the issues involved before a jury of the vicinity.

The presiding justice ruled as matter of law that the court had no power to grant the motion, to which ruling the appellees have exception.

R. S., c. 63, § 23, makes the Supreme Judicial Court the Supreme Court of Probate ; and section 28 provides that the Supreme Court of Probate " may reverse or affirm, in whole or in part, the sentence or act " of the probate court "appealed from, pass such decree thereon as the judge of probate ought to have passed, remit the case to the probate court for further proceedings, or take any order therein that law and justice require ; and if upon the hearing any question of fact occurs proper for a trial by jury, an issue may be formed (framed) for that purpose under the direction of the court, and so tried."

Questions of sanity and of undue influence arising upon the probate of wills are usually submitted to a jury for determination. This practice has been so common and uniform as to become almost a law of the court.

When such issues are framed for a jury trial, " all incidents of such trial follow." *Carvill* v. *Carvill*, 73 Maine, 136. The cause then assumes the character of an action at law. The procedure is according to the course of the common law, and is governed by legal rules throughout.

R. S., c. 82, § 14, provides that any judge of the Supreme Judicial Court, while holding a *nisi prius* term, on motion of either party shall, for cause shown, order the transfer of any civil action or criminal case pending in said court to the docket thereof in any other county for trial."

No good reason is shown why a probate appeal, when it has

assumed the character of, and is to be conducted as an action at law, should not be subject to the provisions of the above statute.

If the issue framed for the jury is substantially decisive of the whole case, and no ulterior proceedings are to be had before the court requiring further investigation or consideration, the whole cause should be transferred to the other county, and the decree from the court there sitting should be certified directly to the probate court from whence the appeal came.

If, however, the court is of opinion that further proceedings before the court will be necessary after the issues framed for the jury shall have been decided, it may certify to another county such issues only for trial; and upon their determination the result should be certified back to the court from whence they came for its further consideration.

When a jury trial is had in another county from that where the cause was originally pending, questions of law arising upon the trial should go to the law court in the district where the trial was had and there be settled; and the mandate of the law court should be sent to the clerk of the court from whence the exceptions came to be obeyed as its tenor may direct.

*Exceptions sustained.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and FOSTER, JJ., concurred.