[No. 1166. Decided March 29, 1894.]

## PHILIP F. KELLY, *Respondent*, v. W. A. RYAN, *Clerk*, *Appellant*.

#### COSTS IN GARNISHMENT PROCEEDINGS — CLERK'S FEE.

A garnishment proceeding being but auxiliary to the principal action in which it is instituted, the plaintiff, on applying for the writ, is not required to pay the clerk's fee of four dollars, which the fee act provides must be paid by the party instituting an action or proceeding. (ANDERS and HOYT, JJ., dissent.)

*Appeal from Superior Court, Pierce County.*

*Snell & Bedford*, for appellant.

The opinion of the court was delivered by

SCOTT, J.— In a certain action commenced by respondent against one Wallerstein, in the superior court of Pierce county, judgment was rendered in favor of the plaintiff. Thereafter, said judgment being unpaid, the attorney for the plaintiff made an affidavit for a writ of garnishment against one Williams, and thereupon applied to appellant, the clerk of said court, for such writ, who refused to issue the same unless an advance fee of $4 was paid. Plaintiff refused to make such payment, and applied to said court for a writ of mandate to compel the issuance of the writ aforesaid. A demurrer was interposed by appellant to this application, trial was had and the court granted the writ, and from said order this appeal is prosecuted. A brief was filed by appellant, but there was no appearance by respondent.

The only question raised is as to whether the payment of said fee is a prerequisite to the issuance of a writ of garnishment, and this involves a consideration of the law relating to garnishments and some of the provisions of the

fee act, both of which were passed at the last session of the legislature. See Laws 1893, pp. 95, 421.

We find in the record an opinion by the learned judge who sat at the trial in the superior court and before whom the cause was argued by both parties, and we embody much of it in substance herein.

· It is provided in the fee act that the plaintiff, or other party instituting an action or proceeding, shall pay, when the cause is entered in the court, or when the first paper on his part is filed therein, a fee of $4. Section 4 of the garnishment act (Laws 1893, p. 96) provides that the case shall be docketed in the name of the plaintiff as plaintiff and of the garnishee as defendant. It is further provided in said act that a writ shall be issued and served on the garnishee in like manner as a summons is served, and provision is made for an issue and trial in case either the plaintiff or the principal defendant desires to controvert the answer of the garnishee.

The question is presented whether, as contended by appellant, a garnishment proceeding under the provisions of this act is an independent suit or proceeding, or whether it must be regarded only as auxiliary to the original cause. If the latter view is the correct one, then the services of the clerk in issuing the writ of garnishment are but a part of the services which he is required to perform in the original action, for which he is not entitled to charge any fees under the provisions of the fee act. A part of subdivision 5, § 2, reads as follows.

"The fees prescribed in this section shall be in full for all services performed by the clerk of the superior courts in the progress of civil actions and proceedings other than probate causes, from the beginning thereof down to and including the entry, collection and satisfaction of final judgment therein, and including all proceedings in open court, and all entries, filings and recording therein except for the

recording and transcribing for which special fees are prescribed in this section. ''

It will be observed that the law relating to garnishments provides for the prosecution of garnishments while the original action is pending and undetermined as well as after judgment. The law does not in terms require notice thereof to be served on the principal defendant, although it provides that he may appear and contest the answer of the garnishee. It provides further, in all cases, that the principal defendant shall be concluded by the proceedings in garnishment from recovering of the garnishee any money or property obtained from him in pursuance of such proceedings, whether paid or surrendered under the admissions of his answer and the judgment thereon, or to satisfy a judgment rendered against him after a contest.

If a proceeding in garnishment under this act is an independent action or proceeding, a grave question would arise as to whether it is not unconstitutional in failing to specifically provide for a notice to the principal defendant. If it be but a proceeding in the original action it may be that the defendant would be bound to take notice thereof and would be held to have had notice of all proceedings therein prior to the satisfaction of the judgment obtained against him. The act should receive such a construction as will allow it to be sustained under the constitution, if possible. The fact that the garnishment case is to be separately docketed is not incompatible with a legislative intent that it should be a proceeding in the original action. It may retain the same number as the original action. It can well be held to be but a step or proceeding instituted in an action pending, or if brought after judgment, only one of the steps or proceedings to which resort may be had to enforce the collection of that judgment. It is inseparably connected with the result of the pending

action, and if the original action has been concluded to judgment, then it is limited by that judgment. It may be determined with or without an issue, and whether or not an issue will arise cannot be known at the inception of the proceeding. Consequently, if the fee must be paid in any case, it must be paid in all, regardless of the unknown course the particular proceeding may take.

We think the judgment of the superior court was right, and it is affirmed.

DUNBAR, C. J., and STILES, J., concur.

ANDERS, J.— I think a garnishment proceeding under the statute is an action, or at least an independent proceeding, and that the advance fee should therefore be paid.

HOYT, J.— I am of the same opinion as Judge ANDERS.