[No. 3415.   Decided December 13, 1900.]

23  517
c40  447

TITLE GUARANTEE AND TRUST COMPANY, *Respondent,* v. NORTHWESTERN THEATRICAL ASSOCIATION, *Respondent,* SEATTLE THEATRE COMPANY, *Appellant.*

GARNISHMENT—JURISDICTION—VENUE.

Under the statute relative to garnishments (Laws 1893, p. 95), the garnishment issue is auxiliary to the main action and is properly heard where the main action is tried.

SAME.

Bal. Code, § 4854, which provides that actions against a corporation shall be brought in the county where it has an office for the transaction of business, is applicable to original actions, and does not relate to garnishment proceedings in which the corporation is made a garnishee defendant.

Appeal from Superior Court, Pierce County.—Hon. THOMAS CARROLL, Judge. Affirmed.

*H. S. Griggs, R. C. Strudwick* and *W. A. Peters,* for appellant.

*W. O. Chapman, T. L. Stiles* and *J. M. Ashton,* for respondent.

The opinion of the court was delivered by

REAVIS, J.—Plaintiff commenced an action in King county against defendant, and in such action filed an affidavit for a writ of garnishment, and the garnishee (appellant) was summoned to answer. The defendant appeared and demurred to the complaint, and demanded that the place of trial be changed to Pierce county; whereupon a change of venue for the trial of the action to Pierce county was granted, and the cause was afterwards tried in that county. Thereupon the garnishee (appellant) objected to the jurisdiction of the court to try the controversy involved in the garnishment in Pierce county, because of the residence of the garnishee (appellant) in King county. The merits of the controversy involved the indebtedness of the garnishee (appellant) to the defendant under a written contract with the defendant, a theatrical association, which was an undertaking on the part of the association to furnish the garnishee (appellant), a theatre company, with attractions in theatrical exhibitions in Seattle.

There are substantially two questions presented on appeal. The first is the jurisdiction of the superior court of Pierce county to determine the garnishment proceeding. The garnishment issue was auxiliary and ancillary to the main action, and a part of such action. Under § 22 of the statute relative to garnishments (Laws 1893, p. 95), it is declared that, if the answer of the garnishee is controverted, it shall be tried as other cases: provided, however, no pleadings shall be necessary on such issue, other than the affidavit of the plaintiff, and the answer of the garnishee, and the reply controverting such answer. We do not think that § 4854, Bal. Code, relates to garnishments. It is applicable to original or independent actions. See *Sherwood v. Stevenson,* 25 Conn. 437; *Toledo W. & W. Ry. Co. v. Reynolds,* 72 Ill. 487; *Miller v. Mason,* 51 Iowa, 239 (1 N. W. 483); *Seattle Trust Co. v. Pitner,* 17 Wash. 365 (49 Pac. 505); *Kelly v. Ryan,* 8 Wash. 536 (36 Pac. 478).

But garnishee (appellant) filed an answer and waived a jury in the proceeding. The proceeding was properly heard where the main action was tried.

Upon the merits of the controversy here, the findings of the superior court sustained the judgment. The principal issue was the establishment and construction of the written contract between defendant and garnishee (appellant), and we are satisfied with the construction given the contract. We have examined the evidence in connection with the findings of fact, and they are sufficiently supported to apply the rule that the findings of the trial court will not be disturbed if there is substantial evidence sustaining them.

The judgment is affirmed.

DUNBAR, C. J., and FULLERTON, J., concur.