<hr/>

[No. 5732. Decided October 31, 1905.]

THE STATE OF WASHINGTON, *on the Relation of Wyman, Partridge & Company, Plaintiff,* v. THE SUPERIOR COURT FOR SPOKANE COUNTY, *Defendant.*[1]

|   40  443 |
|  e40  558 |

MANDAMUS—TO PREVENT CHANGE OF VENUE—ADEQUACY OF REMEDY BY APPEAL. If a court has exclusive jurisdiction of a cause without power to order a change of venue, mandamus is the proper remedy to compel it to proceed with the trial after improperly granting a change of venue, the remedy by appeal not being adequate.

VENUE—CHANGE OF—IN GARNISHMENT PROCEEDINGS—STATUTE— CONSTRUCTION. Bal. Code, § 4857, authorizing a change of venue where an impartial trial cannot otherwise be had or where convenience and justice will be forwarded by the change, applies to garnishment proceedings; since the statute is in furtherance of justice and should be liberally construed.

Application filed in the supreme court June 20, 1905, for a writ of mandamus to compel the superior court for Spokane county, Huneke, J., to proceed with the trial in a garnishment proceeding, after granting a change of venue on motion of the garnishees. Writ denied.

1Reported in 82 Pac. 875.

*James A. Williams* and *Denton M. Crow,* for relator, contended, among other things, that there is no right to a change of venue in a garnishment proceeding. Rood, Garnishment, §§ 236, 326; *Kelly v. Ryan,* 8 Wash. 536, 36 Pac. 478; *Wooding v. Puget Sound Nat. Bank,* 11 Wash. 527, 40 Pac. 223; 3 Current Law, p. 1554, § 7; *Miller & Co. v. Mason & Co.,* 51 Iowa 239, 1 N. W. 483; *Garland v. McKittrick,* 52 Wis. 261, 9 N. W. 160; *Toledo v. Reynolds,* 72 Ill. 487; *Smith v. Dickson,* 58 Iowa 444, 10 N. W. 850; *First Nat. Bank v. Dunn,* 102 Ala. 204, 14 South. 559; *Hancock v. Gibson* (Ark), 79 S. W. 1061; *Wilson v. Pennoyer* (Minn.), 101 N. W. 502; *Jones v. Cummins,* 17 Tex. Civ. App. 661, 43 S. W. 854; *Townsend v. Fleming* (Tex. Civ. App.), 64 S. W. 1006.

*Graves & Graves* and *B. H. Kizer,* for defendant, contended, among other things, that there is an adequate remedy at law. *State ex rel. Townsend Gas etc. Co. v. Superior Court,* 20 Wash. 502, 55 Pac. 933; *State ex rel. Carrau v. Superior Court,* 30 Wash. 700, 71 Pac. 648; *State ex rel. Port Orchard Inv. Co. v. Superior Court,* 31 Wash. 410, 71 Pac. 1100; *State ex rel. Hubbard v. Superior Court,* 24 Wash. 438, 64 Pac. 727. A law providing that a case shall be commenced in a certain county does not prevent a change of venue. *Duffy v. Duffy,* 104 Cal. 602, 38 Pac. 443; *Hancock v. Burton,* 61 Cal. 70; *Meldrum v. Sarvis,* 1 N. J. L. 203; *Starks v. Bates,* 12 How. Prac. 465; *McLeod v. Ellis,* 2 Wash. 117, 26 Pac. 76. That a garnishment proceeding is ancillary to another action is not sufficient to debar garnishee defendants from a change of venue. *Finn v. Spagnoli,* 67 Cal. 330, 7 Pac. 746; *Burkett v. Holman,* 104 Ind. 6, 3 N. E. 406; *Lester v. Lester,* 70 Ind. 201; *Backus v. Cheney,* 80 Me. 17, 12 Atl. 636; *State v. Whitcomb,* 52 Iowa 85, 2 N. W. 970, 35 Am. Rep. 258; *In re Jackman's Will,* 27 Wis. 409; Rood, Garnishment, § 327.

RUDKIN, J.—Original application for a writ of mandamus. The relator brought an action in the superior court of Spokane county against A. E. Flower and wife, and at the same time caused writs of garnishment to issue against certain insurance companies. Flower and wife suffered a default in the main action, and a final judgment was entered against them. The insurance companies made return to the writs of garnishment, denying liability to the defendants in the main action, and the relator filed affidavits controverting the returns, as required by statute. Thereupon the insurance companies, as garnishees, applied to the court in due form for a change of place of trial of the garnishment proceedings to Kittitas county, on the ground that the convenience of witnesses and the ends of justice would be forwarded by the change. The relator resisted this application, on the ground that the provisions of our statute relating to a change of the place of trial do not apply to garnishment proceedings, and that the court was without jurisdiction to grant the application. The court overruled the objection and allowed the application. The relator thereupon applied to this court for a writ of mandate, directing the court below to proceed with the trial notwithstanding the change of venue, basing its right to the writ upon the same grounds as were urged in its objection to the granting of the application.

At the threshold of the proceeding the respondent raises the objection that the relator has an adequate remedy by appeal, and that mandamus will not lie. If the contention of the relator is correct, viz., that the superior court of Spokane county had exclusive jurisdiction to hear and determine the garnishment proceedings without power or discretion to order a change of venue, mandamus is the proper remedy. The mere fact that the superior court of Kittitas county, to which the proceedings have been transferred, may erroneously assume jurisdiction and that the proceedings may in that way eventually reach this court by appeal, is not, in our opinion, an adequate remedy.

We cannot, however, agree with the contention of the relator that the provisions of our statute [Bal. Code, § 4857] authorizing a change of venue where there is reason to believe that a fair and impartial trial cannot be had in the county where the action is pending, or where the convenience of witnesses or the ends of justice will be forwarded by the change, do not apply to garnishment proceedings. Statutes conferring the right to a change of venue are enacted with a view of affording litigants a fair and impartial trial. They are in furtherance of justice, and should be liberally construed so as not to defeat the right. 4 Ency. Plead. & Prac., 380; *Buck v. Eureka,* 97 Cal. 135, 31 Pac. 845; *Packwood v. State,* 24 Ore. 261, 33 Pac. 674. In the last case cited, the court says:

"These provisions of the statute should receive a broad and liberal, rather than a technical and strict, construction, and the courts ought not to be too astute in discovering some refined and subtle distinction to avoid their operation, for, as was said by Mr. Justice Graves, 'The immediate rights of the litigants are not the only object of the rule, but sound public policy, which is interested in preserving every tribunal appointed by law from discredit, imperiously demands its observation.' *Stockwell v. Township Board of White Lake,* 22 Mich. 349."

The relator has cited a large number of authorities, but they have no direct application to the question now under consideration. They discuss the general nature of garnishment proceedings, the court of original jurisdiction to issue the writ, and the right to a change of venue on the ground of residence of the garnishee. In *Kelly v. Ryan,* 8 Wash. 536, 36 Pac. 478, cited by the relator, the court held that the garnishment proceeding was simply a step in the main action, was ancillary thereto, and that the plaintiff was not required to pay an additional docket fee of four dollars upon suing out a writ of garnishment. In so far as the court there held that the garnishment was but a step in the main action and

was ancillary thereto, the decision is in accord with all the authorities.

In *Title Guarantee & Trust Co. v. Northwestern Theatrical Ass'n,* 23 Wash. 517, 63 Pac. 212, the court held that a change of venue in the main action carried the garnishment proceeding with it, and that Bal. Code, § 4854, which provides that an action against a corporation shall be brought in a county where it has an office for the transaction of business, has no application to a garnishment proceeding. In *Miller & Co. v. Mason & Co.,* 51 Iowa 239, 1 N. W. 483, the court held that a garnishee was not entitled to demand a change of venue to the county of his residence. The two cases last cited are not in point here. The county in which the main action is pending is the *proper* county in which to sue out a writ of garnishment, regardless of the place of business of a corporation or the residence of the garnishee, and to that extent the garnishment statute supersedes other statutes requiring certain actions to be brought in a particular county. Thus, notwithstanding the decision in *Miller & Co. v. Mason & Co., supra,* the same court said in *Westphal, Hinds & Co. v. Clark,* 42 Iowa, 371:

"If the garnishee should be satisfied that he could not obtain a fair trial in the county wherein the main cause was tried, and should make the proper showing, it would not, we apprehend, be claimed that he would not be entitled to a change of venue."

On the other hand, in *Hewitt v. Follett,* 51 Wis. 264, 8 N. W. 177, it was held that a third party, brought into a garnishment proceeding at the instance of the garnishee, could demand a change of venue as a matter of right, upon filing the statutory affidavit. In *Burkett v. Holman,* 104 Ind. 6, 3 N. E. 406; *Burkett v. Bowen,* 104 Ind. 184, 3 N. E. 768; *Burkett v. Bowen,* 118 Ind. 379, 21 N. E. 38; and *Burkett v. Holeman,* 119 Ind. 141, 21 N. E. 470, it was held that a party brought in, on proceedings supplementary to execution, was entitled to a change of venue. In *Cross*

*v. Spillman,* 93 Ala. 170, 9 South. 362; and *Martin, Perrin & Co. v. Chicago etc. R. Co.,* 50 Mo. App. 428, it was held that a change of venue in the main action or in the garnishment proceeding did not carry the other with it; thus showing that there is no objection to a severance. In *People v. Almy,* 46 Cal. 245, issues were made up in the probate court in a proceeding to contest a will. The probate court granted a change of venue, and one of the parties applied to the supreme court for a writ of mandate, as in this case, claiming that there was no authority in law for the change. After referring to the various statutes on the subject, the court says:

"Considering all these provisions together, we entertain no doubt whatever that in a case like this it is competent for the probate court to order the place of trial to be changed. A different rule would operate, practically, as a denial of justice. In this case a very large estate has been tied up, and its administration impeded for several years, whilst three fruitless trials were being had, at an expense to the estate of nearly ten thousand dollars; and with a very slight probability that for years to come an impartial jury could be had in that county. Nor do we see any practical difficulty which is to result from changing the place of trial. A transcript of the proceedings and the result of the trial can be certified by the court in San Francisco to the court in Marin, on receiving which the latter court will enter the appropriate judgment with proper recitals."

In § 327 of Rood on Garnishment, the author says:

"The decisions holding that the garnishment follows the main case on change of venue, are no authority to the effect that the garnishee cannot have a change of venue, for no judgment can be rendered against him until the main action is in judgment, after which the reasons for keeping the two together are less."

See, also, *Townsend v. Townsend,* 9 Gill (Md.) 506; *Backus v. Cheney,* 80 Me. 17, 12 Atl. 636; *Treasurer v. Wygall,* 46 Tex. 447; *Kittridge x. Kinne,* 80 Mich 200, 44 N. W. 1051.

No serious inconvenience can result to the relator by allowing the change of venue. The only connection between the main action and the garnishment proceeding, so far as we can discover, is this: A voluntary dismissal or judgment for the defendant on the merits in the main action carries the garnishment with it. The judgment against the garnishee cannot exceed in amount the judgment in the main action, and a satisfaction of the principal judgment satisfies the judgment against the garnishee. Any of these steps in the main action may readily be proved in the court to which the garnishment proceeding has been transferred, by a certified copy of the record. A garnishment proceeding is neither more nor less than an action by the defendant against the garnishee for the use of the plaintiff. It possesses all the elements of any other action. The law contemplates that contingencies will arise where the ends of justice demand a change in the place of trial. A garnishment proceeding comes within the spirit of this law, and is not excluded by the letter.

We are therefore constrained to hold that the court below acted within its jurisdiction, and the application for the writ is accordingly denied.

MOUNT, C. J., FULLERTON, HADLEY, and DUNBAR, JJ., concur.

ROOT, J., concurs in the result.

CROW, J., being disqualified, took no part.