## STATE ex rel. KRONSCHNABEL v. TAYLOR, Judge.
### (138 N. W. 372.)

**1. Special Proceeding—Jury Trial—Removal of Dependent Children —Continuance—Jurisdiction.**

   A proceeding under Pol. Code, Sections 3205-3214, for removal of dependent or neglected children to homes for dependent children, is a special proceeding governed by provisions of that chapter, and not an action under Code Civ. Proc., Sec. 244, authorizing court to call a jury to try certain issues triable to the court; and **held**, the court in such a proceeding has no authority to call a jury, and a continuance to allow a jury trial is without legal authority.

**2. Mandamus—Excess of Judicial Authority—Remedy by Appeal.**

   Where the court, in proceedings under Secs. 3205-3214, Pol. Code, for removal of dependent or neglected children to home for dependent children, without legal authority continued proceedings to allow a jury trial, the petitioner, entitled to a speedy determination of the proceedings for protection of state and the child, had no adequate remedy by appeal, and mandamus lies to require the court to proceed and try the issues without a jury.

(Opinion filed November 12, 1912.)

Mandamus by the State, on the relation of Frank C. Kronschnabel, against Alva E. Taylor, as Judge of the Circuit Court in and for the Ninth Judicial Circuit, requiring defendant to proceed and try the issues of fact raised in a special proceeding. Writ issued.

*Morris & Moriarty,* and *Crawford & Warren,* for Relator.
*Gardner & Churchill, C. A. Kelley* and *Wm. Issenhuth,* for Defendant.

Mandamus should not issue in this case for the reason that it does not appear that the relator is clearly entitled to the relief sought, nor that a plain duty of the defendant has been violated to the substantial injury of the relator or the public nor that injustice or irreparable wrong will result from the denial of the writ: Bailey v. Lawrence County, 2 S. D. 533; State ex rel.

Dakota Central Telephone Company v. City. of Huron, 23 S. D. 153, 120 N. W. 1008; State ex rel. Davis v. Willis, (N. D.) 124· N. W. 706; State ex rel. City of Minot v. Willis, (N. D.) 118 N. W. 820; Territory ex rel. Wallace v. Woodbury, (N. D.) 44 N. W. 1070; Braun v. Campbell, (Wis.) 119 N. W. 112.

The child, Celeste Issenhuth, whose welfare is the chief concern of the court in this case, is in safe and suitable custody and no harm or injury can result to anyone from the order of the defendant herein continuing the case of State ex rel. Kronschnabel to the January, 1913, term of court.

The defendant assumed jurisdiction of the matters presented before him below, considered the law and the facts presented before him and rendered a decision thereon. Mandamus will not lie to review that decision or to control the discretion vested in the defendant. State ex rel. Koontz v. Brown, (S. D.) 125 N. W. 294; Vilas v. Circuit Ct., (S. D.) 123 N. W. 841; Stephens v. Jones, (S. D.) 123 N. W. 705; Farnham v. Colman, 19 S. D. 342; Sawyer v. Mayhew, 10 S. D. 18; Stockwell v. Crawford, (N. D.) 130 N. W. 225; Terr. ex rel. Gramburg v. Nolin, (Dak) 20 N. W. 430; State v. Dist. Ct., (N. D.) 100 N. W. 248; Aldrich v. Superior Ct., (Cal.) 66 Pac. 846; State v. Second Judicial Dist. Circuit, (Cal.) 66 Pac. 352; Ex parte Brown, 116 U. S. 401, 29 Law Ed. 676; Spelling, "Injunction and Extraordinary Remedies," Sec. 1384 to 1389.

In the case of State ex rel. Kronschnabel v. Issenhuth, out of which this proceeding grows, the defendant in this case assumed jurisdiction and exercised his discretion to prevent injury or harm and at the same time to protect the rights of all parties, the defendant John Issenhuth as well as the petitioner. He issued his citation immediately upon the filing of a petition requiring the defendant to appear in the minimum time allowed by statute; he took immediate custody of the child, Celeste Issenhuth, and is still keeping her in a home and school, the fitness and character of which is unchallenged by relator herein, and at no expense to anyone, save John Issenhuth; he considered and overruled a demurrer to the petition, requiring the pleadings to be made more definite and certain by an amendment and denied the motion of the defendant John Issenhuth, for time in which to answer, re-

quiring him to answer forthwith; in the exercise of a sound discretion and in view of the grave and revolting nature of the charges made in the petition, he called to his aid a jury to make advisory findings upon the issues of fact involved and finally upon showing that the defendant John Issenhuth was unable after the exercise of due diligence to secure attendance of material witnesss in time for trial at the October, 1912, term of the circuit court in Beadle county, continued the case to the second day of the January, 1913, term. Of these rulings and orders some were in favor of petitioner and as to these he cannot complain. Some may even be erroneous, but as to these, relator has a plain and adequate remedy by appeal and mandamus will not lie to take the place of such appeal. There is no question but that all were made in good faith in exercise of a discretionary authority vested in the defendant and there is no showing that wrong or injury in the slightest degree has followed or will follow from the order of the defendant continuing said case to the January, 1913, term.

The duties of the defendant in passing upon questions submitted to him were judicial and not subject to review by mandamus. Stephens v. Jones, (S. D.) 123 N. W. 705; Terr. v. Nowlin, (Dak.) 20 N. W. 430; Vilas v. Circuit Ct., (S. D.) 123 N. W. 841.

WHITING, J. This is an original proceeding seeking the mandate of this court requiring the defendant, as judge of the circuit court in an for Beadle county, to proceed and try the issues of fact raised in a special proceeding brought in such court. The facts are undisputed. The present relator filed in the said circuit court on August 5, 1912, a petition under the provisions of chapter 28, Political Code. In said petition it was alleged that one John Issenhuth had in his care, as his adopted daughter, one Celeste Issenhuth, a child of some eleven years of age, and that he had been guilty of certain wrongful conduct such as to render him wholly unfit to have the care and custody of such child. The petitioner asked that the custody of such child be taken from Issenhuth, and given to a society incorporated under the laws of this state for the purpose of securing homes for children. An order was issued requiring said Issenhuth to show cause why such petition should not be granted. Upon the return

day of such order, August 10, 1912, Issenhut] was required to answer. He then demanded a jury trial of the issues of fact raised by the petition and answer. This , and was resisted, but the said court, the defendant herein presiding, made an order granting a jury trial and continued the cause to the October, 1912, term of said court, "for the purpose of submitting certain issues of fact to a jury for trial." During said October term, Issenhuth asked for a continuance of said proceeding for a time sufficient to allow him to procure the presence of certain witnesses. All jury cases for said term had been disposed of and the court continued the hearing of said proceeding to the January, 1913, term of said court. No claim is made that a continuance of the length of either continuance granted was necessary in order to give time sufficient to procure witnesses. It is apparent from the return filed herein by defendant that no continuance for a period greater than two or three days was necessary in order to give said Issenhuth sufficient time within which to procure his witnesses. It is therefore clear that both the continuances were granted by the court in order that the defendant as judge of such court might have the assistance of a jury in the trial of the issues of fact. The child has since the commencement of proceedings in the circuit court been in the custody of the sheriff, who pursuant to the directions of the said court, has placed such child under proper care.

The defendant herein contends: (1) That mandamus should not issue in this case, for the reason that it does not appear that the relator is clearly entitled to the relief sought, nor that a plain duty of the defendant has been violated to the substantial injury of the relator or the public, nor that injustice or irreparable wrong will result from the denial of the writ; (2) that, inasmuch as the defendant assumed jurisdiction of the matters presented before him in the trial court and considered the law and facts and rendered a decision thereon, mandamus will not lie to review such decision or to control the discretion vested in defendant; (3) that the duties of the defendant in passing upon the questions submitted to him were judicial, and not subject to review by mandamus.

[1] To our minds the right of relator to the relief sought in this court depends solely upon whether or not defendant, as the

judge of the trial court, had any authority whatsoever to grant a jury trial. No claim is made in this court that he had any such authority and certainly the statutes of this state do not grant any. Section 244 of the Code of Civil Procedure authorizes a court to call a jury to assist in the trial of certain issues triable to the court. This section is a part of chapter 12 of such Code, which chapter relates to trials and judgments in civil actions only. Certainly no one would contend that the proceeding in the circuit court was a civil action. It was purely a special proceeding finding its authority solely in the statutes, and, like all other special proceedings, its conduct is governed by the express provisions of the statutes. There being no provision authorizing the calling of a jury, the defendant was wholly without authority to call one.

A reading of the chapter under which the proceedings in the circuit court were brought, taken into consideration with the nature of the proceedings, shows clearly that it was the purpose of the law that there be a speedy determination of the issues raised. It is important, not only to the petitioner, to Issenhuth, and to society that there be a prompt disposition of a matter of this nature, but it is especially important to the child, and certainly it is an inherent right vested in the child—a right no one should deprive it of—to have its status speedily determined. It is not a case where a trial court has abused a discretion vested in it, but rather one where it has taken an action beyond its authority. As was said in the case of State v. Johnson, 103 Wis. 591, 79 N. W. 1081, 51 L. R. A. 33: "It is not entirely accurate to say that no act involving discretion can be controlled or corrected by mandamus. Where it clearly appears that discretion has been not merely abused but not exercised at all, or that the action taken by the inferior court is without semblance of legal cause and no other adequate remedy exists, mandamus will lie to compel the specific action which should have been taken. * * * Such cases are, however, more apparent than real exceptions to the rule, because, when only one course is open to the court upon the facts presented, the pursuance of that course becomes the plain and absolute duty of the court, and a refusal becomes, in effect, a failure to perform a duty within its jurisdiction." The trial court did not, and we are certain it would not, have granted a continuance for the period of either continuance, and based its order

upon the need of time to procure the presence of witnesses. Such an order, under the facts shown, would have been a most serious abuse of judicial discretion. A continuance to allow of a jury trial was entirely without authority, and the clear duty of defendant was to refuse both continuances.

[2] Defendant urges that the relator had an adequate remedy by appeal. While the relator might, through appeal, get a reversal of the trial court's order granting a jury trial, while such appeal was pending, what would become of the right of relator and others to a speedy trial of the issues of fact? While such an appeal might correct the error of the court in submitting the issues to a jury, it would be an entirely inadequate remedy, as it could not restore to relator, to society, or to the child that right to a speedy trial to which each is entitled under the statue. As was said by the court in the case of State v. Johnson, supra: "The general law undoubtedly is that mandamus will not lie where there is a remedy by appeal or writ of error. * * * But the remedy by appeal must be substantially adequate in order to prevent relief by mandamus. If it appears that an appeal will not be an adequate remedy, mandamus may still issue in the discretion of the court." In State, etc., v. Superior Court, etc., 40 Wash. 443, 82 Pac. 875, 2 L. R. A. (N. S.) 568, 111 Am. St. Rep. 915, 5 Ann. Cas. 775, wherein there was an application for a writ of mandamus requiring a trial court to proceed to the trial of a cause wherein, as alleged by relator, the trial court had wrongfully granted a change of venue, the court said: "At the threshold of the proceeding, the respondent raises the objection that the relator has an adequate remedy by appeal, and that mandamus will not lie. If the contention of the relator is correct, viz., that the superior court of Spokane county had exclusive jurisdiction to hear and determine the garnishment proceedings without power or discretion to order change of venue, mandamus is the proper remedy. The mere fact that the superior court of Kittitas county, to which the proceedings have been transferred, may erroneously assume jurisdiction and that the proceedings may, in that way, eventualy reach this court by appeal, is not in our opinion an adequate remedy."

Answering the several contentions of the defendant, we hold: While the granting of a jury trial and of the continuances based

thereon were acts judicial in nature, they were beyond the authority vested in the defendant, and therefore matters in which he had no discretionary powers.   By granting of the writ asked for, we are in no manner controlling any discretion vested in defendant as trial judge, but rather preventing him from doing that which he has no authority to do.   An injustice and irreparable wrong would be done relator if we denied the writ, because a plain duty of defendant has been violated to the substantial injury of relator, the public, and Celeste Issenhuth.   For the above reasons, it is clear that the relator is entitled to the relief sought. Therefore it is ordered that a writ issue requiring the defendant as judge of the circuit court to proceed, with all due diligence and without the assistance of a jury, to the trial of the issues of fact in the porceeding wherein the present relator is petitioner and John Issenhuth, and Celeste Issenhuth are defendants.