[No. 13983. Department Two. March 31, 1917.]

THE STATE OF WASHINGTON, *on the Relation of Frederick C. Robertson et al., Plaintiff,* v. THE SUPERIOR COURT FOR SPOKANE COUNTY, *C. C. Upton, Judge Pro Tempore, Respondent.*[1]

LANDLORD AND TENANT—UNLAWFUL DETAINER—JURISDICTION—NOTICE TO QUIT. Notice to quit or pay rent is not jurisdictional in an action of unlawful detainer but is a fact to be proved at the trial and is a condition precedent to action.

PROHIBITION—ERRONEOUS JUDGMENT—REMEDY BY APPEAL. Prohibition does not lie to prevent the entry of judgment in unlawful detainer without previous notice to quit or pay rent, since there is an adequate remedy by appeal.

Application filed in the supreme court January 26, 1917, for a writ of prohibition to the superior court for Spokane county, C. C. Upton, judge *pro tempore*, to prohibit the entry of a judgment. Denied.

*Robertson & Miller* and *Cordiner & Cordiner*, for relators.

*C. L. Shuff* and *Roy A. Redfield*, for respondent.

MOUNT, J.—The relators seek a writ to prohibit the superior court of Spokane county from entering a judgment in an unlawful detainer action.

The facts upon which the writ is sought may be briefly stated as follows: The relators are tenants of certain real estate in Spokane county belonging to Ida A. Waterman. They have erected a building upon the leased premises. The stipulated rent thereon had not been paid for the months of February, March, April, May, and June, of the year 1916. On the 15th day of July of that year, the relators had closed their residence in the city of Spokane and moved to their summer residence in Idaho. Mr. Robertson, one of the relators, was, at that time, on an extended trip east. On the last named date, Ida A. Waterman, the owner of the prem-

[1]Reported in 164 Pac. 63.

ises, addressed a notice to the relators notifying them that they were in default for the months named; that the total amount of rent, delinquent and overdue, was the sum of $1,750; and the relators were notified to either pay the rent or to surrender possession of the premises within three days after the service of the notice. A copy of this notice was served on the subtenant and a copy was deposited in the United States post office, at Spokane, addressed to the relators at their Spokane address. It was received by a keeper of the residence, and forwarded to Spirit Lake, Idaho, the place of the summer residence of the relators. This notice was not received by the relators until the 22d day of July. On the 20th day of July, Ida A. Waterman brought an unlawful detainer action, and the summons in that action was served on the relators on the 21st day of July. Thereupon, a writ of restitution was issued, and the leased property was taken possession of by Ida A. Waterman. The relators thereafter appeared in the action, issues were joined, and the case was tried to the court, findings were made in favor of the plaintiff, and the court was about to enter a judgment against the defendants there, whereupon they applied for this writ.

It is contended by the relators that no sufficient service of the notice to quit was made upon them, and that, therefore, the trial court had no jurisdiction to enter a judgment against them in the unlawful detainer action. It is not claimed that a proper service of summons was not made. It is apparent that the trial court had jurisdiction of the persons of the relators and of the property. The relators strenuously contend that the notice to pay rent or quit is necessary to give the court jurisdiction. It may be correct to say that, before an unlawful detainer action can be maintained, the notice to pay rent or quit must be served as required by statute, but the jurisdiction of the court to determine questions raised upon the trial of the unlawful detainer action does not depend upon the service of the notice to pay

rent or quit.   Jurisdiction depends upon the service of the summons in the action.   When the summons is properly served, the court undoubtedly has jurisdiction of the persons.   The notice to quit or pay rent, served in the manner required by law, is a fact to be established upon the trial, before the court may pronounce a judgment of unlawful detainer.   The service of such notice is not in itself jurisdictional, but, like any other fact, must be proved.   If the court should enter a judgment without the necessary facts being proved, the judgment would be erroneous; but the fact that an erroneous judgment may be entered, or is threatened to be entered, is not ground for a writ of prohibition.

This court has held in a long line of cases that, before an extraordinary writ of mandamus or prohibition will be entertained, it must appear that the court is not only acting without jurisdiction, but that there is no adequate remedy by appeal.   *State ex rel. Townsend Gas & Elec. Light Co. v. Superior Court*, 20 Wash. 502, 55 Pac. 933; *State ex rel. Carrau v. Superior Court*, 30 Wash. 700, 71 Pac. 648; *State ex rel. Miller v. Superior Court*, 40 Wash. 555, 82 Pac. 875, 111 Am. St. 925, 2 L. R. A. (N. S.) 395; *State ex rel. Calhoun v. Superior Court*, 86 Wash. 492, 150 Pac. 1168, and a large number of cases intervening between those decisions.

It is apparent, from the admitted facts in this case, that the trial court not only had jurisdiction of the persons and of the subject-matter, but it is also apparent that there is an adequate remedy by appeal from the judgment which the court may render in the unlawful detainer action.

This court has issued extraordinary writs in cases where there was a want of jurisdiction, and in cases where there was no adequate remedy by appeal, but the rule of the court has been that the writ will not issue where the court is acting within its jurisdiction and there is a complete and adequate remedy by appeal, as there is in this case.   It is, therefore,

unnecessary to review the cases cited by the relators, for we are satisfied that the writ should not issue under any rule of this court.

The questions of fact presented upon the application for this writ may all be reviewed upon appeal from the judgment which may be entered in the unlawful detainer action.

The writ is therefore denied.

ELLIS, C. J., HOLCOMB, and PARKER, JJ., concur.